CAYO, on behalf of himself and all others similarly situated, Appellant, v. CITY OF MILWAUKEE, Respondent.*

*No. 159. Argued February 4, 1969.—Decided March 4, 1969.*
(Also reported in 165 N. W. 2d 198.)

* Motion for rehearing denied, without costs, on May 6, 1969.

644

For the appellant there was a brief by *Michael, Best & Friedrich,* attorneys, and *Lee J. Geronime* and *Frederick T. Rikkers* of counsel, all of Milwaukee, and oral argument by *Mr. Geronime.*

For the respondent there was a brief by *John J. Fleming,* city attorney, and *Herbert F. Sonnenberg,* assistant city attorney, and oral argument by *Mr. Sonnenberg.*

WILKIE, J. Appellant attacks ordinance 2–235.5 as either an unconstitutional denial of equal protection to this nonveteran military reservist, or as an unconstitutional conflict with the express policy of our legislature regarding the national guard. Before reaching the merits of appellant's contentions, we must first consider the question of whether appellant has a cause of action if ordinance 2–235.5 is unconstitutional.

It is clear that if the trial court was correct in determining ordinance 2–235.5 to be valid, the appellant, as

well as others in his class, has no cause of action for additional military leave benefits because the ordinance gives him no such right. However, even assuming, as appellant contends, that the ordinance is unconstitutional, it appears that he is still without a cause of action. The ordinance giving him a right to full pay was repealed in 1963. Thus, there is no presently effective ordinance or statute giving appellant a right to the relief he seeks.

Appellant claims that the cases cited in annot. (1936), 102 A. L. R. 802, are authority for the proposition that if recreated ordinance 2–235.5 were struck down as unconstitutional, then old ordinance 2–235.5 would be revived, thus giving appellant a cause of action.

However, an analysis of the authorities in the cited annotation reveals that they deal with the question of whether, and in what circumstances, if any, the unconstitutionality of a statute *containing a specific repealing clause* will prevent the repealing clause from taking effect, *i.e.*, does the specific repealing clause fall with the rest of the statute.

The general thrust of the cases appears to be that the repealing clause will fall with the statute unless it can be clearly shown that the new legislation is not substitutional in character or that the specific repealing clause and the remainder of the statute are *not* so closely related as to make the purpose of the repealing clause dependent upon the validity of the new legislation.[1]

Because ordinance 2–235.5 is devoid of a specific repealing clause, the cases cited by appellant have no application.

Thus, appellant cannot prevail if ordinance 2–235.5 is valid, and he cannot prevail if it is void.

Even though the constitutional issue appears to be moot we nevertheless proceed to a consideration of appellant's contentions on the unconstitutionality of the disputed ordinance.

[1] *See State ex rel. Rogers v. Burton* (1860), 11 Wis. 50 (* 51), 55.

Does ordinance 2–235.5 deny appellant's right to equal protection of the law as guaranteed by the United States Constitution?

The heart of appellant's challenge is that the ordinance unlawfully discriminates between those officers and employees who qualify for veterans preference under sec. 16.18 and sec. 63.37, Stats., and those who do not, in that the former receive full pay from the city of Milwaukee for the period of military training and the latter receive only the difference between their basic military pay and their regular city salary.

The standards for proper classification within an ordinance were established by this court in *State ex rel. Ford Hopkins Co. v. Mayor*.[2] They are:

"(1) All classification must be based upon substantial distinctions which make one class really different from another.

"(2) The classification adopted must be germane to the purpose of the law.

"(3) The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 by *State ex rel. Risch v. Trustees:* 'It must not be so constituted as to preclude addition to the numbers included within a class.'[3]]

"(4) To whatever class a law may apply, it must apply equally to each member thereof.

" . . .

" '(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.' "[4]

However, "[b]efore appellant can avail himself of these rules to challenge any distinctions"[5] between legis-

[2] (1937), 226 Wis. 215, 222, 276 N. W. 311; *see also State ex rel. Baer v. Milwaukee* (1967), 33 Wis. 2d 624, 148 N. W. 2d 21.

[3] (1904), 121 Wis. 44, 54, 98 N. W. 954.

[4] The fifth rule was added in *State ex rel. Risch v. Trustees, supra,* footnote 3, at page 54.

[5] *State ex rel. Baer v. Milwaukee, supra,* footnote 2, at page 633.

lative classifications, he "must overcome a presumption that the classifications are reasonable and proper." [6]

In *Kiley v. Chicago, M. & St. P. Ry.,*[7] this court stated:

". . . the question whether there is room or necessity for classification is one resting primarily with the legislature, and no court is justified in declaring classification baseless unless it can say without doubt that no one could reasonably conclude that there is any substantial difference justifying different legislative treatment." [8]

Thus the burden is on the appellant to show that there is no basis for the classifications as determined by the Milwaukee city council. As the trial court noted,

"There is no allegation nor are there facts pleaded that no basis for the classifications of the Milwaukee city council ordinance exists. Thus the presumption of constitutionality of the classification made by the ordinance has not been overcome."

Appellant also contends that ordinance 2–235.5 is unconstitutional for being in direct conflict with secs. 21.14 and 21.145, Stats.

Sec. 21.145, Stats., states in part that:

". . . It is the purpose of this section and s. 21.14 to protect a member of the said national guard from disadvantage in his means of livelihood and liberty therein but not to give him any preference or advantage on account of his membership in said national guard."

Appellant argues that the ordinance detrimentally affects the compensation of reservists and national guardsmen and thereby deters eligible and capable young men who are employed by the city from joining these organizations. Appellant submits that the system of compensation under the repealed ordinance was just. Under the old practice all members of the military service who attended

[6] *Id.*

[7] (1910), 142 Wis. 154, 125 N. W. 464.

[8] *Id.* at page 159; *State ex rel. Baer v. Milwaukee, supra,* footnote 2, at page 633.

reserve activities were treated equally and compensated fairly for the time they contributed in the preparation and maintenance of an adequate defense force.

Appellant concludes that the ordinance places the appellant at a disadvantage in his means of livelihood and liberty and thus is unconstitutional by virtue of its direct conflict with the express policy of the state legislature.

As the trial court observed, the ordinance in no way "deprives a city employee from continuing to enjoy the benefits of his employment." Neither is there any substance to the contention that just because certain salary and fringe benefits prevailed at the time plaintiff entered city employment they are conditions that must remain attached to the job. The common council is free to change these conditions unless, as the trial court noted,

". . . as a result of negotiations between representatives of city employees and the city a certain accord is reached which covers wages, hours, and other conditions of employment, then that contract supersedes any ordinance in conflict with it."

There are no such circumstances here and this contention by appellant must fall.

Appellant raises two other issues concerning the ordinance and its adoption.

*Ordinance Interpretation.*

1. Did the trial court err in construing ordinance 2–235.5?

Sec. 2–235.5 of the Milwaukee Code of Ordinances reads as follows:

"Officers and employees of the city of Milwaukee shall be granted a leave of absence, with pay, in an amount equal to the difference obtained by subtracting the basic federal pay received by such officer or employee for such period of training from the total city salary which such officer or employee would receive for regular employment during said period, such leave not to exceed 15 successive

days including Saturdays, Sundays, and legal holidays, during the calendar years to take training as members of the Air Force Reserve, Organized Reserve Corps of the Army, Naval Reserve, Marine Corps Reserve, Coast Guard Reserve or National Guard, under the direction of state or federal authorities. Said leave shall be granted by the head of the department in which the officer or employee works upon presentation of satisfactory evidence of military air force or naval authority to take such training; provided further that officers and employees of the city of Milwaukee who, *because of honorable service in any of the wars of the United States,* are eligible for veterans preference for employment by the city of Milwaukee, as provided in Section 16.18 and Section 63.37 of the Wisconsin Statutes (1961), shall receive full city pay during such leave of absence." (Emphasis added.)

Appellant contends that the trial court erred in defining that class of persons who are eligible for full pay for military leave under the terms of sec. 2–235.5.

By enacting this ordinance, the Milwaukee common council provided that full pay would be given to officers and employees of the city of Milwaukee while on active duty training with the United States military services *if* said persons "because of honorable service in any of the wars of the United States, are eligible for veterans preference" as provided in secs. 16.18 and 63.37, Stats.

Sec. 63.37, Stats., provides, in part, that ". . . a preference shall be given in favor of veterans of any of the wars of the United States." Sec. 16.18 provides that ". . . a preference shall be given in favor of veterans of any of the wars of the United States in accordance with the dates specified in s. 45.35 (5a)."

The dates of the wars of the United States as provided in sec. 45.35 (5a), Stats., are as follows:

"(a) Indian war: Between 1860 and 1898.
"(b) Spanish American war: Between April 21, 1898, and April 11, 1899.
"(c) Philippine insurrection: Between April 12, 1899, and July 4, 1902 (extended to July 15, 1903, if actually engaged in Moro Province hostilities).

"(d) Boxer rebellion: Between June 16, 1900, and May 12, 1901.

"(da) Mexican border service: Between June 19, 1916, and April 5, 1917.

"(e) World War I: Between April 6, 1917, and November 11, 1918 (extended to April 1, 1920, if service was in Russia).

"(f) World War II: Between August 27, 1940, and July 25, 1947.

"(g) Korean conflict: Between June 27, 1950, and January 31, 1955."

It is argued that the court erred in using the definition of "veteran" as found in sec. 45.35 (5a), Stats., in construing sec. 2–235.5, Milwaukee Code of Ordinances.

While it is true that ordinance 2–235.5 does not incorporate the definition of veteran as found in sec. 45.35 (5a), Stats., the ordinance does incorporate the war dates as found in that statute. Thus the ordinance provides for full pay for those officers or employees who because they have honorably served "in any of the wars of the United States, are eligible for veterans preference . . . as provided in Section 16.18 and Section 63.37 of the Wisconsin Statutes (1961)." Sec. 16.18 provides that ". . . a preference shall be given in favor of veterans of any of the wars of the United States in accordance with the dates specified in s. 45.35 (5a)."

Therefore it is necessary to refer to sec. 45.35 (5a), Stats., to determine the war dates.

Any error committed by the trial court in using the definition of veteran as found in sec. 45.35 (5a), Stats., was harmless in that under the properly construed ordinance appellant is still ineligible for full pay.

*Ordinance Not Bargained.*

2. Is ordinance 2–235.5 void because the common council of the city of Milwaukee promulgated the ordinance in such a manner as to be violative of the Wisconsin law requiring an employer to bargain in good faith with recognized representatives of his employees?

This case is before this court on demurrer. Appellant made no allegations charging that the ordinance was promulgated in violation of the statutes requiring the city to bargain in good faith with recognized representatives of its employees. We therefore do not reach this issue.

*By the Court.*—Order affirmed.

PER CURIAM (*on motion for rehearing*). On rehearing, appellant submits to this court a copy of Milwaukee City Ordinance 2–235.5 as it appeared in the Daily Reporter on January 2, 1964. The ordinance as published therein contains a specific repealing clause which is absent from the ordinance as it appears in the Milwaukee Code of Ordinances. Therefore, appellant requests that the court modify its opinion to hold that appellant, on the basis of the ordinance as published in the Daily Reporter, has a cause of action.

Appellant's contention comes too late in that it is based on information that is not part of the record. The court's decision was based on the ordinance as it appears in the Milwaukee Code of Ordinances and as it was presented to the court by the parties on appeal. Thus appellant's motion for rehearing must be denied, without costs.

However, we conclude that appellant is not precluded by the ruling in this case from proceeding with a new action wherein he can attempt to establish that the ordinance as passed by the Milwaukee city council contained a specific repealing clause and that on the basis of that ordinance he has a cause of action.