STATE, Respondent, v. MERTES, Appellant.

*No. State 111.   Argued September 10, 1973.—Decided
October 2, 1973.*
(Also reported in 210 N. W. 2d 741.)

For the appellant there was a brief by *McLario, Bernoski & Koener,* attorneys, and *Ronald S. Koener* of counsel, all of Menomonee Falls, and oral argument by *Ronald S. Koener.*

For the respondent the cause was argued by *James P. Altman,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *James H. McDermott,* assistant attorney general.

WILKIE, J. The sole issue presented here, as in the trial court, is the constitutionality of the prostitution statute under which defendant was convicted. Three specific issues are presented in this challenge. They are:

1. Is the defendant limited to challenging only the section under which she was charged or can the entire statute be attacked?

2. What is the standard of review?

3. Applying this standard, is the statute in question constitutional?

### *Challenge to entire statute.*

Here the defendant was charged only under sub. (1) of sec. 944.30, Stats., and not under sub. (2). Sub. (1) refers to offering or having nonmarital sexual intercourse for any thing of value [1] and sub. (2) speaks of

---

[1] "944.30 **Prostitution.** Any female who intentionally does any of the following may be fined not more than $500 or imprisoned not more than one year or both:

"(1) Has or offers to have nonmarital sexual intercourse for any thing of value; or . . . ."

committing acts of sexual perversion for any thing of value.[2] Thus it is obvious that the defendant has been charged under a distinctive section of the statute not dependent for its application on the second part. However, the structure of the subsections is identical except for the actions proscribed. If part (1) is unconstitutional, part (2) is necessarily also unconstitutional. Thus the entire statute would be wholly void, and it is contended that the statute is unconstitutional on its face.

In *State v. I, A Woman—Part II,*[3] a party was allowed to challenge the constitutionality of a statute entitled "Declaratory judgments against obscene matter." In that case this court found that constitutional questions appeared upon the face of the statute and that first amendment freedoms were such that a litigant could raise the issue even though he had not personally been deprived of constitutional rights by application of the statute directly to him.

We conclude that the defendant can challenge the entire statute and not just the section under which she was charged because it is argued that the statute appears facially unconstitutional and if the constitutional attack is successful the entire statute would be void. The feature which is challenged pervades the entire statute and the subsections are not separable. The criticism of the statute is that the law denies the defendant equal protection by making it a crime for a female to offer to have nonmarital sexual intercourse for a thing of value, whereas this statute does not make it a crime for a male to make a similar offer.

### Standard of review.

Defense counsel has not questioned that the burden was on the defendant, as one who challenges the statute, to

[2] "(2) Commits or offers to commit an act of sexual perversion for any thing of value; . . ."

[3] (1971), 53 Wis. 2d 102, 191 N. W. 2d 897.

show that the classification involved lacks a reasonable relationship to a legitimate state interest and is, therefore, essentially arbitrary. Defendant did not in the trial court or on this appeal assert that sex was a suspect classification and we therefore do not reach that question.

The tests to be applied in determining whether there has been a reasonable legislative classification have been recently stated in *State ex rel. Hammermill Paper Co. v. La Plante.*[4] The court quoted from *State v. Duffy*[5] and *Cayo v. Milwaukee*[6] as follows:

" 'Equal protection of the law is denied only where the legislature has made irrational or arbitrary classifications. *Town of Vanden Broek v. Reitz* (1971), 53 Wis. 2d 87, 191 N. W. 2d 913; *State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 185 N. W. 2d 306; *State ex rel. Schopf v. Schubert* (1970), 45 Wis. 2d 644, 173 N. W. 2d 673. The test is not whether some inequality results from the classification, *Lindsley v. Natural Carbonic Gas Co.* (1911), 220 U. S. 61, 31 Sup. Ct. 337, 55 L. Ed. 369, but whether there exists any reasonable basis to justify the classification. *McGowan v. Maryland* (1961), 366 U. S. 420, 81 Sup. Ct. 1101, 6 L. Ed. 2d 393. . . .'

In *Cayo v. Milwaukee* (1969), 41 Wis. 2d 643, 649, 650, 165 N. W. 2d 198, 167 N. W. 2d 407, the rules governing proper legislative classification were delineated:
" 'The standards for proper classification within an ordinance were established by this court in *State ex rel. Ford Hopkins Co. v. Mayor*. They are:
" ' "(1) All classification must be based upon substantial distinctions which make one class really different from another.
" ' "(2) The classification adopted must be germane to the purpose of the law.
" ' "(3) The classification must not be based upon existing circumstances only. [The following sentence was added to No. 3 by *State ex rel. Risch v. Trustees:* 'It must not be so constituted as to preclude addition to the numbers included within a class.']

[4] (1973), 58 Wis. 2d 32, 74, 75, 205 N. W. 2d 784.
[5] (1972), 54 Wis. 2d 61, 65, 66, 194 N. W. 2d 624.
[6] (1969), 41 Wis. 2d 643, 649, 650, 165 N. W. 2d 198, 167 N. W. 2d 407.

" ' " "(4) To whatever class a law may apply, it must apply equally to each member thereof.

" ' "

" ' " '(5) That the characteristics of each class should be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.' " '

" 'However, "[b]efore appellant can avail himself of these rules to challenge any distinctions" between legislative classifications, he "must overcome a presumption that the classifications are reasonable and proper." '

" 'In *Kiley v. Chicago, M., & St. P. Ry.* [(1910), 142 Wis. 154, 125 N. W. 464], this court stated:

" ' ". . . the question whether there is room or necessity for classification is one resting primarily with the legislature, and no court is justified in declaring classification baseless unless it can say without doubt that no one could reasonably conclude that there is any substantial difference justifying different legislative treatment." '

" 'Thus the burden is on the appellant to show that there is no basis for the classifications . . . .' "

### The statute is constitutional.

Since 1858 the statute in question has made it illegal for females to have or make an offer to have nonmarital sexual intercourse for a thing of value.

This classification has been considered by the Indiana Supreme Court to be a natural and reasonable one in the recent case of *Wilson v. State*,[7] upholding a similar Indiana statute proscribing prostitution by females. The Indiana court found that the Indiana statute "rests upon an inherent and substantial basis of classification."[8]

This court has previously held that sex can be a proper classification.[9]

[7] (Ind. 1972), 278 N. E. 2d 569.
[8] *Id.* 278 N. E. 2d 571.
[9] *Peterson v. Widule* (1914), 157 Wis. 641, 147 N. W. 966.

The defendant did not meet her burden of showing this classification established by sec. 944.30, Stats., to be unreasonable and the record is completely devoid of any showing to that effect. Neither has defendant demonstrated any discriminatory enforcement as between the citation of females for the violation of sec. 944.30 (1) and the enforcement of similar offenses by male prostitutes under secs. 939.30 and 939.31.

*By the Court.*—Orders affirmed.

ROBERT W. HANSEN, J. *(concurring).* In construing Wisconsin laws the applicable statute requires that as to references to gender: "Words importing one gender extend and may be applied to any gender." (Sec. 990.-001 (2), Stats.) Applying this legislatively mandated rule of construction, the writer would hold the reference in sec. 944.30 to "Any female who intentionally does any of the following . . ." to extend and to be applied to persons of the male gender as well as to persons of the female gender. It follows that any person, male or female, who ". . . [h]as or offers to have nonmarital sexual intercourse for any thing of value . . ." commits a crime under sec. 944.30 (1). The challenge to the statute, based on an assumed failure to criminalize male, as well as female, prostitution, fails, *ab initio,* because both male and female prostitutes are included, not excluded in the reach of the statute. Under sec. 944.30 what is wrong for the goose is also wrong for the gander. For this reason and under this construction of the statute, the writer would concur that the judgment appealed from be affirmed.