STATE, Respondent, v. EWALD, Appellant.

*No. State 154.  Argued March 6, 1974.—Decided April 2, 1974.*
(Also reported in 216 N. W. 2d 213.)

For the appellant there was a brief by *Patrick R. Doyle* and *Doyle, Woodmansee & Asfoor, Ltd.*, all of La Crosse, and oral argument by *Patrick R. Doyle.*

For the respondent the cause was argued by *Michael R. Klos,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

CONNOR T. HANSEN, J. The following issues are presented on this appeal:

1. Whether the trial court should have suppressed the statement of the defendant as being the result of an illegal arrest?

2. Whether the trial court erred in not declaring a mistrial, or in the alternative not excluding with instructions the victim's statement that the defendant was attempting to have intercourse with her?

3. Whether sec. 944.01, Stats., unconstitutionally discriminates on the basis of sex in violation of the fourteenth amendment's due process and equal protection clauses?

### *Statement.*

The record reflects that the defendant was arrested in the city of Prairie du Chien, Crawford county, Wisconsin, and was returned to the city of La Crosse, La Crosse county, by detectives of the police department of the city of La Crosse. They did not have a warrant, but drove to Prairie du Chien where the defendant was arrested after his wallet had been found at the scene of the crime and the defendant had phoned the La Crosse police department to inquire as to its whereabouts, and the victim had identified him.

On July 25, 1972, the defendant waived his right to a preliminary examination. On July 26, 1972, defense counsel was served with notice that the defendant's written confession would be offered in evidence at his trial. In the statement, the defendant admitted committing the crime, fleeing the scene, and being arrested the next morning after he had returned to Prairie du Chien. On August 7, 1972, he pled not guilty to the information.

On September 7, 1972, the defendant filed a motion to suppress the signed statement alleging it was ". . . involuntary and contrary to the defendant's rights as to the 14th, 5th and 6th Amendments to the Constitution of the United States."

On September 12, 1972, a *Goodchild* hearing was held and during the course of the hearing defense counsel

argued that defendant's arrest was illegal because it was made without the scope of the officer's jurisdiction. Counsel stated that he was not contesting the court's jurisdiction but arguing that if the arrest was illegal, the statement taken from the defendant after such illegal arrest must be suppressed.

The trial court ruled that the statement of the defendant was made "voluntarily" and "understandingly" and was, therefore, admissible in evidence. The effect of this determination was to deny the defendant's motion to suppress the statement because the defendant had been arrested by the police officers of the city of La Crosse outside their jurisdiction. Sec. 62.09 (13), Stats. The personal jurisdiction of the court over the defendant was never challenged. In fact, in general language, counsel on several occasions asserted he was "not contesting the court's jurisdiction."

The decisive factor in the issue is whether the officers had probable cause to make the arrest and not whether the arrest was made outside the statutory jurisdictional limits of the city police officers. It is readily apparent that the arrest was justified by probable cause. Any argument to the contrary would be frivolous and without merit. The defendant's wallet was found at the scene of the crime and he was identified by the victim in Prairie du Chien in the presence of the arresting officers immediately prior to his arrest. The fact that the arrest was made by the officers outside the city limits of La Crosse is not of sufficient significance to render the statement subsequently given by the defendant inadmissible in evidence.

In *Nadolinski v. State* (1970), 46 Wis. 2d 259, 174 N. W. 2d 483, this court recognized the distinction between an arrest, which in one respect was illegal, but nevertheless valid because based upon probable cause. *Nadolinski* is supported by the rationale of *United States*

*v. Fay* (D. C. N. Y. 1965), 240 Fed. Supp. 591. In *Fay,* an invalid arrest under the New York statute, but nevertheless based upon probable cause, did not render an incidental search unconstitutional.

The defendant relies on *Wong Sun v. United States* (1963), 371 U. S. 471, 83 Sup. Ct. 407, 9 L. Ed. 2d 441, and companion cases, and *State v. Williams* (1970), 47 Wis. 2d 242, 177 N. W. 2d 611. These cases are distinguished from the case before us by the absence of probable cause for arrest.

The arrest of the defendant was constitutionally valid and the statement subsequently understandingly and voluntarily given by him was properly admitted in evidence.

### *Victim's testimony.*

On several occasions during her testimony which described the circumstances surrounding the incident, the victim stated that the defendant ". . . tried to have intercourse . . ." with her.

Shortly after she had begun her testimony and while attempting to describe their location, she first made the foregoing statement. The trial court sustained the objections to the statement as calling for a conclusion of the witness. The next time she made the statement the defense counsel moved for a mistrial. The trial court denied the motion and directed the jury to disregard the testimony.

Further testimony was elicited which reflected that the victim had been forced to the ground; her underpants removed, the defendant's pants unzipped with his sex organ exposed and his legs on top of hers. The victim then again repeated the statement and the trial court properly overruled the objection.

In *York v. State* (1970), 45 Wis. 2d 550, 559, 173 N. W. 2d 693, it was held as follows:

"So, in Wisconsin the general rule has been adopted that 'The admission of opinion evidence rests largely in the discretion of the court.'

"Certainly, it is permissible for a witness to give a shorthand rendition of a total situation or a description of collective facts without his testimony colliding with a rule excluding opinions. A witness is generally permitted to testify about a personal experience or knowledge of a sensation, although the witness' answer is his opinion of the matter. The accuracy or strength of the testimony is to be tested by cross-examination." [1]

The crucial issue in this case was whether the defendant attempted to have intercourse with the victim, unknown to him, in the yard outside her home at about 2 a. m. on June 29, 1972. The defendant's statement, the testimony of the victim, and the circumstance of the incident, supply adequate foundation for the statements of the victim which the court admitted in evidence. Defense counsel thoroughly cross-examined the witness and went into considerable detail about the particular actions of the defendant and the victim during the incident. This was the proper approach for the defendant to use in regard to the victim's testimony. *Cullen v. State* (1965), 26 Wis. 2d 652, 659, 133 N. W. 2d 284.

We are also of the opinion that if error was committed in this case, it falls within the purview of sec. 274.37, Stats. [2] Any error which is complained of does not affect

---

[1] *Milwaukee v. Kelly* (1968), 40 Wis. 2d 136, 161 N. W. 2d 271; *Bennett v. State* (1972), 54 Wis. 2d 727, 737, 196 N. W. 2d 704.

[2] "274.37 **Judgments; application to reverse or set aside; new trial; reversible errors.** No judgment shall be reversed or set aside or new trial granted in any action or proceeding, civil or criminal, on the ground of misdirection of the jury, or the improper admission of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure the new trial."

the substantial rights of the defendant who here seeks to reverse or set aside the judgment, or secure a new trial.

*Constitutionality of the statute.*

Sec. 944.01, Stats., provides as follows:

"(1) Any male who has sexual intercourse with a female he knows is not his wife, by force and against her will, may be imprisoned not more than 30 years."

The defendant argues this statute is unconstitutional as ". . . contrary to the 14th Amendment to the Constitution of the United States . . ." and ". . . a denial of due process and equal protection . . ." because it discriminates with respect to sex.

Defendant urges that this statute is unconstitutional under *Reed v. Reed* (1971), 404 U. S. 71, 92 Sup. Ct. 251, 30 L. Ed. 2d 225, which prohibits arbitrary sex classification. It is argued that ". . . there is no reasonable ground for the different treatment of men and women under Sec. 944.01, . . ."[3] and moreover, that there is no legitimate object to be served by including men and excluding women under the rape prohibition statute.

It is the general rule that:

"Discrimination between the sexes with respect to matters in which sex is a material factor may be made by statute or other state action, without violating the equal protection guaranty, if the classification is a natural and reasonable one, . . ." 16A C. J. S., *Constitutional Law*, p. 480, sec. 544.

In *Reed v. Reed, supra,* the United States Supreme Court declared invalid a provision of the Idaho Probate Code which gave a mandatory preference to a male appli-

---

[3] *See: Frontiero v. Richardson* (1973), 411 U. S. 677, 688, 93 Sup. Ct. 1764, 36 L. Ed. 2d 583, and *Warshafsky v. The Journal Co.,* post, p. 130, 216 N. W. 2d 197.

cant over a female applicant otherwise equally qualified in those situations where both sought an appointment as administrator of an estate. The provision was held to be violative of the equal protection clause of the fourteenth amendment.

*Reed v. Reed, supra,* page 76, holds:

". . . A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia,* 253 US 412, 415, 64 L Ed 989, 990, 40 S. Ct. 560 (1920). . . ."

Subsequently, in *Frontiero v. Richardson, supra,* pages 682, 683, the United States Supreme Court observed with respect to the *Reed* decision as follows:

"The Court noted that the Idaho statute 'provides that different treatment be accorded to the applicants on the basis of their sex; it thus establishes a classification subject to scrutiny under the Equal Protection Clause.' 404 U. S. at 75. [30 L. Ed. 2d 225] Under 'traditional' equal protection analysis, a legislative classification must be sustained unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest. . . ."

The tests to be applied in determining whether there has been a reasonable legislative classification have recently been stated in *State ex rel. Hammermill Paper Co. v. La Plante* (1973), 58 Wis. 2d 32, 74, 75, 205 N. W. 2d 784, and even more recently in *State v. Mertes* (1973), 60 Wis. 2d 414, 416–418, 210 N. W. 2d 741. We need not again restate them.

In our opinion, sec. 944.01, Stats., is not related to the fourteenth amendment cases cited by the defendant. The sex classification is reasonable and bears a fair and substantial relationship to the object of the law. Sec. 944.01 is intended to protect women against sexual attack and

forced pregnancy. We do not feel called upon to engage in a dissertation of the psychological, medical, sociological and moral problems as they relate to a woman subjected to such a possible pregnancy and those same problems as they relate to a potentially unwanted child. We have considered the criteria enunciated by the United States Supreme Court and conclude the classification bears a fair, reasonable and substantial relationship to the object of sec. 944.01 that all persons similarly classified are treated alike and that the statute does not violate the equal protection clause of either the Wisconsin or the United States Constitution.

Defendant also argues that sec. 944.01, Stats., is an arbitrary classification because a woman could be a party to the crime under sec. 939.05,[4] but could not be prosecuted because of the exclusion of sec. 944.01. This argument ignores the fact that sec. 939.05 (1) includes all persons as parties to a crime and does not exclude women. We deem it to be an established rule that a person may be guilty of committing an offense by being an aider, abettor or party to a conspiracy even though unable to commit the crime itself. *See:* 22 C. J. S., *Criminal Law*, p. 250, sec. 85. We hold the classification set forth in sec. 944.01 to be constitutional.

*By the Court.*—Judgment and orders affirmed.

---

[4] "939.05 **Parties to crime.** (1) Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although he did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act."