FLORES, Plaintiff in error, v. STATE, Defendant in error.

*No. State 177. Argued June 5, 1975.—Decided June 30, 1975.*
(Also reported in 230 N. W. 2d 637.)

For the plaintiff in error there was a brief and oral argument by *Patrick J. Devitt* of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILKIE, C. J.   This review involves the 1973 conviction of Gilberto Marshall Flores on his guilty plea to the

offense of sexual intercourse with a child in violation of sec. 944.10 (2), Stats. On conviction, the defendant was sentenced to not more than four years' imprisonment. The child involved was a fifteen-year-old female who had run away from home and met defendant, then twenty, in a Milwaukee bar. The illegal acts occurred while the two cohabited at defendant's apartment during a one-week period in September, 1972.

The first contention made by defendant in this review of the judgment of conviction and of an order denying postconviction relief is that sec. 944.10, Stats., is unconstitutional. The argument is advanced that the statute denies equal protection because it prohibits intercourse between males and minor females but not between females and minor males.

Although because of his guilty plea defendant has no right to raise constitutional objections here,[1] we nevertheless choose to consider the question in the interest of justice and because there are no factual issues that need resolution.[2]

In examining sex classifications we must ascertain whether or not the classification meets the rational-basis test rather than the test of strict judicial scrutiny.[3]

Viewing sec. 944.10, Stats., under the rational-basis test, it is clearly constitutional. One obvious, adequate justification for focusing upon sexual intercourse between males and minor females is the possibility of pregnancy. Moreover, the legislature could rationally have concluded that the danger of sexual exploitation by adult males of

---

[1] *Hawkins v. State* (1965), 26 Wis. 2d 443, 448, 132 N. W. 2d 545.

[2] *State v. Weidner* (1970), 47 Wis. 2d 321, 177 N. W. 2d 69.

[3] *Stanton v. Stanton* (1975), 421 U. S. 7, 95 Sup. Ct. 1373, 43 L. Ed. 2d 688. *See also: Warshafsky v. The Journal Co.* (1974), 63 Wis. 2d 130, 216 N. W. 2d 197; *State v. Mertes* (1973), 60 Wis. 2d 414, 210 N. W. 2d 741.

minor females and the resulting stigma and shame attendant on such activity in our society were so severe that this activity should be specially proscribed in a separate statute.

The conclusion that sec. 944.10, Stats., is constitutional is supported by both *State v. Mertes*,[4] where this court upheld the constitutionality of sec. 944.30, outlawing female prostitution, and *State v. Ewald*,[5] where the court upheld the constitutionality of sec. 944.01, prohibiting forcible rape by males.

Thus, we conclude that sec. 944.10, Stats., is constitutional.

Defendant's second contention here is that the trial court abused its discretion in sentencing the defendant to four years on this conviction. Defendant first argues that his degree of culpability was low because no force was involved and the fifteen-year-old female lied about her age.

At the hearing on defendant's guilty plea a policewoman testified that the female with whom defendant had intercourse told her that she had run away from home, met defendant in a tavern, lied about her age (she said she was eighteen instead of fifteen), and spent approximately the following week in his apartment.

The legislature has stated unequivocally "A mistake as to the age of a minor . . . is not a defense."[6] There is no evidence in the record here which shows that the defendant was mistaken as to the girl's age. The policewoman testified that the fifteen-year-old girl "did not appear to be of age to me." The defendant himself never testified.

---

[4] (1973), 60 Wis. 2d 414, 210 N. W. 2d 741.

[5] (1974), 63 Wis. 2d 165, 216 N. W. 2d 213.

[6] Sec. 939.43 (2), Stats. *See:* Sec. 939.23 (6), Stats., and *Kelley v. State* (1971), 51 Wis. 2d 641, 648, 649, 187 N. W. 2d 810.

Although the assistant district attorney recommended probation for the defendant, a presentence report of the state department of health & social services recommended incarceration. In imposing the four-year sentence, the trial court stated:

". . . You have violated the terms and conditions of that probation [for burglary] by the commission and conviction of the—commission of a very serious felony, one that carries up to ten years of imprisonment; and you did so within a period of six months after being placed on probation. This indicates to me that you are not prepared for the liberty and lack of supervision which probation affords and requires some other type of rehabilitative environment under a more structured situation.

"I cannot agree with the recommendation of the state. I do find viable the recommendation of the state department of health & social services. I do not intend to follow the recommendation of the state. The state has fulfilled its obligations as required under the pretrial negotiations, but it is still the court's obligation and not the district attorney's office to determine what is the appropriate disposition of a given case; and that is why in the inquiry pertaining to that matter the court always explicitly goes into that situation.

"I have done so here. I have reviewed the transcript. The defendant knew exactly what the potential was and knew that the court was not bound by the recommendation.

"I shall give him credit for his age and for the time that he has spent in custody, but I intend to impose a sentence."

The trial court's explanation meets the requirements of *McCleary v. State.*[7]

The legislature obviously considers the crime spelled out in sec. 944.10, Stats., a very serious felony, with a maximum penalty of fifteen years. Given the maximum penalty, it cannot be said that the trial court abused its

---

[7] (1971), 49 Wis. 2d 263, 182 N. W. 2d 512.

discretion in fixing four years as the term of imprisonment.

*By the Court.*—Judgment and order affirmed.

ROBERT W. HANSEN, J. *(concurring).* Where a statute in this state criminalizes a certain act only if it is performed by a male or a female, such statute is to be read as applying to both male and female persons. This is so because sec. 990.001 (2), Stats., provides: "Words importing one gender extend and may be applied to any gender." While not disagreeing with the reasoning or result reached by the court majority, the writer sees the denial of equal protection challenge here as failing, *ab initio,* because criminal statutes in this state apply to persons, male or female, by reason of sec. 990.001 (2).