THE HONORABLE, THE ASSEMBLY Legislature
By 1975 Assembly Resolution 20 you have requested my opinion on the constitutionality of sec. 45.37, Stats. This section is on the subject of eligibility for membership in the Wisconsin Veterans Home, and its here material content has been a part of the statutes of this state for many years.
Within the limitations of the facilities of the home at King, both male and female veterans[1] are eligible for membership if they meet the requirements set forth in sec. 45.37 (2), Stats., or fall within the exceptions thereto stated in sec.45.37 (3), Stats. The home, therefore, does house and care for both men and women. In addition to Wisconsin veterans, certain other persons, who derive their eligibility for membership through a veteran,[2] are eligible for membership in the home, if they also meet additional eligibility requirements. As pointed out in your resolution, these persons are spouses and surviving spouses of male veterans, but not of female veterans, and mothers of veterans, but not their fathers. Sec. 45.37 (4) (b) and (c), (5), (6), and (7), Stats. The provisions of sec. 45.37, Stats., therefore, deny benefits on the basis of sex to persons otherwise similarly situated and this fact is apparently the reason for your request for my opinion on the constitutionality of sec.45.37, Stats.
The United States Supreme Court recently has decided a number of cases involving sex discrimination.[3] Four of these,Stanton, Geduldig, Kahn, and Reed, involved challenges to state laws on the ground that such laws, which allegedly discriminated between the sexes, violate the Equal Protection Clause of the *Page 71 Fourteenth Amendment to the United States Constitution.[4] The Wisconsin Supreme Court also has recently decided two cases involving similar claims[5] and in both instances found no violation of the Equal Protection Clause of theFourteenth Amendment, despite a difference in the treatment of the sexes.
These cases made it clear that a classification on the basis of sex is not impermissible in all instances. Kahn v. Shevin (1974),416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189, 193, 194, n. 10. The Equal Protection Clause does not deny to the states the power to treat the sexes in different ways, but, as held in Reed v. Reed
(1971), 404 U.S. 71, 92 S.Ct. 251, 253. 254, 30 L.Ed.2d 225, it
 ". . . deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification `must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' Royster Guano Co. v. Virginia, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920) . . . ."
In arriving at a conclusion on whether a particular state law which does treat the sexes differently violates the Equal Protection Clause, the courts first identify the state objective sought to be advanced by the statute in question and then determine whether there is a rational or reasonable relationship[6] between a difference in sex and the state objective sought to be advanced by the statute. *Page 72 
If there is such a rational relationship, the statute does not violate the Equal Protection Clause,[7] but, if not, it does.[8] In order to answer your question, therefore, I must so analyze the relevant content of sec. 45.37, Stats.
Under the provisions of sec. 45.37, Stats., a wife, but not a husband, of a veteran member of the home is eligible for membership if the additional requirements set forth in sec. 45.37
(5), Stats., are met. The principal state objective of this provision appears from the content of sec. 45.37 (4) (c) 5, Stats. It is "to prevent the separation of a family unit of husband and wife." I see no rational relationship between the sex of the spouse of an eligible veteran member and this state objective. In fact, the state objective of preventing the separation of husbands and wives is defeated by limiting derivative membership of otherwise eligible spouses to female spouses. A family unit of husband and wife is separated when either spouse is ineligible for membership. It is, therefore, my opinion that when a person with standing to do so brings a proper suit, a court will declare this provision of sec. 45.37, Stats., unconstitutional as violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
The content of sec. 45.37, Stats., also allows an otherwise eligible surviving wife, but not a surviving husband, of a veteran and an otherwise eligible mother, but not father, of a veteran to become a member of the home. the state objective of these provisions, as revealed by the very strict additional eligibility requirements, is to provide a home and care for middle-aged and elderly persons who have the closest degree of relationship by marriage or blood to a veteran and who are both physically and financially disabled to the point that they are unable to care for and support themselves. Again, I see no rational relationship between the sex of a surviving spouse or of a parent and this state objective. Both the relationship to the veteran and the need of the eligible surviving spouse or of the eligible parent are the same *Page 73 
whether that person happens to be a male or a female. That fewer male than female surviving spouses and parents can meet the additional eligibility requirements and therefore seek membership in the home provides no rational basis for depriving those males who are eligible of the benefits of membership in a state home which cares for both males and females. Cf: Weinberger v.Wiesenfeld (1975), 420 U.S. 636, 95 S.Ct 1225, 43 L.Ed.2d 514. Because of this, it is also my opinion that when a person with standing to do so brings a proper suit, a court will declare that these provisions of sec. 45.37, Stats., are unconstitutional as violative of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution.
BCL:BRB
[1] A "veteran" is defined in sec. 45.37 (1a) Stats., as "any person who served on active duty under honorable conditions in the U.S. armed forces . . . ."
[2] Sec. 45.37 (4) (b), Stats.
[3] Stanton v. Stanton (1975), 421 U.S. 7, 95 S.Ct. 1373,43 L.Ed.2d 688; Weinberger v. Wiesenfeld (1975), 420 U.S. 636,95 S.Ct. 1225, 43 L.Ed.2d 514 Schlesinger v. Ballard (1975),419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610, Geduldig v. Aiello
(1974), 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256; Kahn v.Shevin (1974), 416 U.S. 351, 94 S.Ct. 1734, 40 L.Ed.2d 189;Frontiero v. Richardson (1973), 411 U.S. 677, 93 S.Ct 1764,36 L.Ed.2d 583; and Reed v. Reed (1971), 404 U.S. 71, 92 S.Ct. 251.30 L.Ed.2d 225.
[4] The challenge was successful in Stanton and Reed but unsuccessful in Geduldig and Kahn.
[5] State v. Mertes (1973), 60 Wis.2d 414, 210 N W. 2d 741, and Warshafsky v. The Journal Co. (1974), 63 Wis.2d 130,216 N.W.2d 197.
[6] The United States Supreme Court to date has found it unnecessary to decide whether a classification based on sex is "inherently suspect." Stanton v. Stanton (1975), 421 U.S. 7,95 S.Ct. 1373, 1377, 43 L.Ed.2d 688. If a classification is "inherently suspect," a state statute containing such a classification is in violation of the Equal Protection Clause unless a "compelling stale interest" is shown to require such classification. If a classification is not "inherently suspect, " the statute is constitutional unless its challenger establishes that there is no "rational" or "reasonable" basis for the classification. In general, see the discussion in Warshafsky v.The Journal Co. (1974), 63 Wis.2d 130, 137-140, 216 N.W.2d 197.
[7] Kahn v. Shevin (1974), 416 U.S. 351, 94 S Ct. 1734,40 L.Ed.2d 189; State v. Mertes (1973), 60 Wis.2d 414,210 N.W.2d 741, Warshafsky v. The Journal Co (1974), 63 Wis.2d 130,216 N.W.2d 197.
[8] Stanton v. Stanton (1975), 421 U.S. 7, 95 S.Ct. 1373,43 L.Ed.2d 688, Reed v. Reed (1971), 404 U.S. 71, 92 S.Ct. 251,301 Ed.2d 225.