JAMES L. CIRILLI, District Attorney, Douglas County
You request my opinion whether the provisions of sec. 21.14, Stats., prohibit a county from denying an employe any pay while taking leave of absence from his employment to serve in summer encampment with the National Guard.
It is my opinion that it does not so long as the action is not discriminatory.
You state that several employes in the Sheriff's Department were formerly granted leave of absence with full pay to attend summer camp. The county now proposes to deny them all county pay while on leave for such purpose. You further state that there is no collective bargaining agreement covering this problem.
Section 21.14, Stats., provides:
 "A person who, either by himself or with another, wilfully deprives a member of the national guard of his employment, or prevents his being employed by himself or another, or in respect to his trade, business or employment, because said member of said national guard is such member, or dissuades any person from enlistment in the said national guard by threat of injury to him in case he shall so enlist, in respect to his employment, trade, or business, or who refuses to grant leave to any employe who is a duly enrolled member of the national guard, state guard, officers reserve corps, enlisted reserve corps, naval reserve, marine corps reserve or any other reserve component of the military or naval forces of the United States or the state of Wisconsin organized or constituted under federal law to attend military schools, armory drill, field training, field camps of instruction and *Page 197 training cruises which have been duly ordered or who shall cause the seniority, vacation, or salary advancement of such employe to be adversely affected by reason of such leave, shall be fined not less than $50 nor more than $200, or imprisoned not more than 6 months, or both." (Emphasis added.)
The statute, in effect, requires the employer to grant leave of absence, but there is no requirement that such leave be with partial or full pay. If an employe is entitled to vacation with pay, he may use vacation leave with pay to serve with the National Guard. However, he is entitled to separate leave for military purposes and cannot be compelled to use any vacation days he may have for such purpose.
Compensation and leave benefits for county employes are established by the county board or delegated authority under the provisions of sec. 59.15 (2), Stats. The compensation plan may provide for leave with pay for certain purposes and leave without pay for others. In general, the county can change fringe benefits unless there is a negotiated contract which precludes change during a stated period.
In Cayo v. Milwaukee (1969), 41 Wis.2d 643, 165 N.W.2d 198, the court held that a city council could enact an ordinance changing leave benefits to police officers, who were members of the U.S. Army Reserve, from full-city pay during training period, to the difference between each officer's city salary and basic military pay for the annual fourteen-day training periods. The court held that the ordinance did not deprive a city employe from continuing to enjoy the benefits of his employment and that, in absence of contract, fringe benefits could be altered.
BCL:RJV *Page 198