**OSWALD JOHN, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Respondent**

Criminal No. 77-154

District Court of the Virgin Islands

Div. of St. Croix

October 10, 1980

OSWALD JOHN, Lewisburg, Pennsylvania, *pro se*

ISHMAEL MEYERS, ESQ., United States Attorney, Christiansted, V.I., *for respondent*

SILVERLIGHT, *Judge Sitting By Designation*

## MEMORANDUM OPINION

Defendant moves this Court to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255. He asserts five grounds upon which, he says, such relief should be granted. These grounds are:

(1) The Virgin Islands forcible rape statute, 14 V.I.C. § 1701, is unconstitutional on its face.

(2) The Virgin Islands sodomy statute, 14 V.I.C. § 2061, is unconstitutionally overbroad.

(3) There was no evidence of penetration as required by the Virgin Islands Sodomy Statute, 14 V.I.C. § 2061.

(4) The District Court of the Virgin Islands lacks jurisdiction to try defendant for nonfederal offenses or offenses not committed upon federal property.

(5) The representation of defendant by defense counsel was constitutionally inadequate.

Because there is no merit in any of the claims asserted, defendant's motion will be denied.

◼ This Court need address grounds numbered 2 and 3 only by reference to the determination by the United States Court of Appeals for the Third Circuit in its Judgment Order entered on December 19, 1978, in defendant's direct appeal to that Court sub nom. Government of the Virgin Islands v. John, 14 V.I. 631 (3d Cir. 1978). These precise grounds were there rejected by that Court.

4

■ ■ Ground numbered 4 is clearly without merit since this court has "general original jurisdiction in all causes in the Virgin Islands, exclusive jurisdiction over which is not conferred by this act upon the inferior courts of the Virgin Islands". Revised Organic Act of the Virgin Islands (1954) § 22; 4 V.I.C. § 32(a).

■ On its face, ground numbered 1, gives rise to some hesitation since it describes a crime which can be committed only by a male, except as an aider and abettor. This statute creates a classification based on sex and as such requires more heightened scrutiny than would be applied to completely nonsuspect legislation. However, as long as the statute serves important governmental objectives and is substantially related to achievement of those objectives, it will pass constitutional muster. Craig v. Boren, 429 U.S. 190, 97 S.Ct. 451 (1976).

Defendant has misplaced reliance upon the holding of Meloon v. Helgemoe, 436 F.Supp. 528 (1977); aff'd 564 F.2d 602 (1977), cert. den'd 98 S.Ct. 2858, 436 U.S. 950; Rodgers v. Berger, 438 F.Supp. 713 (1977) and Craig v. Boren, 429 U.S. 190 (1976). Meloon treats a statute prohibiting statutory rape, that is, consensual intercourse between an adult male and a female under the age of 15 years. The holding of the court is restricted to the specific case and the specific statute at issue. See fn. 4, Meloon, supra, at page 605 wherein the Court states: "We emphasize, as did the District Court below, that *our analysis is predicated on the consensual nature of the crime* committed by appellee" (emphasis added) and its further admonition at page 609, "We want to take care to indicate the limited nature of our holding. We have found only one particular statutory rape law to be unconstitutional. We have not reflected on nor do we intend to question the constitutionality of the laws of other states. We express no opinion as to whether on a different record some other statute would pass constitutional scrutiny." Rodgers, supra, simply affirms the general rule that to pass constitutional muster sex-based legislation must serve some important governmental objectives and be substantially related to achievement of such objectives. This, too, is the holding of Craig, supra.

■ This Court concludes that the statute here in issue does pass constitutional muster. In the words of the Supreme Court of Kansas,[1]

A classification based upon sex can properly be made if it meets

---

[1] State v. Price, 215 Kan. 718, 529 P.2d 85 (1974).

certain standards. (Wark v. State (Me. 1970), 266 A.2d 62.) We believe the sexual classification appearing in [14 V.I.C. § 1701] is not arbitrary, but reflects a rational and justifiable distinction. It is unnecessary to engage in an extended dissertation on the physiological differences between sexes, suffice it to say they exist. One of the more obvious reasons for the existence of our statute is to protect women against sexual attack and forced pregnancy. In view of the fact that only members of the female sex are susceptible to pregnancy as a result of the conduct proscribed by this statute, the reasonableness of the classification is apparent. (Green v. State (Miss. 1972), 270 So.2d 695; In re W. E. P. (D.A. App. 1974), 318 A.2d 286; and State v. Ewald, 63 Wis.2d 165, 216 N.W.2d 213.)

529 P.2d at 89.

■ Defendant's final claim rests on the ground that the joint representation of the petitioner and his co-defendant was constitutionally inadequate. The language of the United States Supreme Court in Cuyler v. Sullivan, 48 U.S.L.W. 4517 (May 12, 1980), is controlling here:

The Court of Appeals (CA3) granted Sullivan relief because he had shown that the multiple representation in this case involved a *possible* conflict of interest. We hold that the *possibility* of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance. 48 U.S.L.W. at 4521. (Emphasis added.)

■ The petitioner has made no such showing. The affidavit of April 27, 1978, by petitioner's counsel in support of a motion for leave to withdraw as counsel states that subsequent to the trial and motion for judgment of acquittal N.O.V., the co-defendant Hermenegilde Joseph changed her version of the facts of the case. It may be true that this new version was in direct conflict with that of the petitioner, producing a conflict of interest for the attorney on appeal, however, at the trial the facts related by both defendants in their testimony under oath were consistent, and the trial transcript reveals no evidence that representation of both defendants at trial prejudiced either defendant in any way. Since defendant John has offered no affidavit which suggests, even remotely, the manner in which he was prejudiced, and as there appears to have been no

actual conflict of interest between the defendants at trial, petitioner's claim must fail.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that petitioner's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 be, and the same is hereby, DENIED.