## CHARLESTON.

STATE v. LEO SPIELMAN

(No. 6151)

Submitted March 13, 1928. Decided March 20, 1928.

1. RAPE—*In Prosecution for Statutory Rape, Only Material Issues Are as to Whether Penetration Was Sufficient and Whether Female Was Under Age of Sixteen; Evidence of Peneration Held to Support Conviction of Statutory Rape.*

    Upon the trial of an indictment for statutory rape, that of carnally knowing a female under the age of sixteen years, there are but two material issues, namely, first, was there sufficient penetration to constitute the offense, and second, was the female under the age of sixteen years.  (p. 372.)
    (Rape, 33 Cyc. p. 1486.)

2. CRIMINAL LAW—*In Prosecution for Statutory Rape, Prosecutrix's Evidence as to Age, Uncontradicted, Though in Nature Hearsay, Held Admissible.*

    On such a trial the evidence of the prosecutrix, on the question of her age, uncontradicted, though in its nature hearsay, is competent to go to the jury for what it is worth.  (p. 373.)
    (Criminal Law, 16 C. J. § 1236; Rape, 33 Cyc. p. 1473.)
            105 W. Va.

3.   RAPE—*In Prosecution for Statutory Rape, Testimony of Prosecutrix's Parents, Supplemented by Public Records, Held to Establish Date of Her Birth Independently of Her Own Testimony.*

In this case the testimony of the father and mother, supplemented as it was by the public records of births and deaths, fully established the date of the prosecutrix's birth independently of her own testimony.   (p. 373.)

(Rape, 33 Cyc. p. 1491.)

4.   SAME—*In Prosecution for Statutory Rape, Prosecutrix's Evidence That She Was Not Related to Defendant Held Sufficient Proof That She Nas Not His Wife as Alleged in Indictment.*

The evidence of the prosecutrix in this case that she was not related to the defendant, was sufficient to prove the fact that she was not his wife, alleged in the indictment.   (p. 374.)

(Rape, 33 Cyc. p. 1488.)

5.   CRIMINAL LAW—*Immaterial Issues Raised at Trial, Rulings on Which Were Assigned as Error, Need Not be Regarded on Writ of Error.*

Immaterial issues raised on the trial, rulings on which are assigned as error, need not be regarded here on writ of error. (p. 374.)

(Criminal Law, 17 C. J. § 3600.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

HATCHER, JUDGE, absent.

Error to Circuit Court, Berkeley County.

Leo Spielman was convicted of statutory rape, and he brings error.

*Affirmed.*

*H. H. Emmert,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing* and *W. Elliott Nefflen,* Assistant Attorneys General, for the State.

MILLER, PRESIDENT:

The defendant was tried upon an indictment charging him with statutory rape upon one Josephine Ethel May White a female, not his wife, under the age of sixteen years, and was found guilty by the jury, and sentenced by the court to confinement in the penitentiary for the period of five years.

In the court below defendant by counsel assigned some thirty-three grounds in support of his motion to set aside the verdict and award him a new trial, most of which are repeated here as ground assigned for reversal of the judgment. In disposing of the motion for a new trial the judge of the circuit court in a painstaking opinion considered each of the several grounds for the motion with patience, manifest ability, and reached the conclusion that they were all without merit, and most if not all of them raised irrelevant issues, and correctly concluded that the only issue presented by the pleadings and evidence were, first, was the defendant guilty of the offense of carnally knowing the prosecutrix? and second, was the prosecutrix under the age of sixteen years? If correct in this position all collateral or related matters are wholly immaterial and outside the controlling issues in the case.

In disposing of the case here we do not propose to respond to all of the many grounds of error assigned, but to the controlling questions only. All other questions are moot and not within the sphere of legitimate inquiry. For example, the court refused to admit the evidence of defendant and others as to conversations and conduct between the parties before the particular offense, apparently intended to show the *quo animo* of the immediate parties to the transaction, evidence which might have had relevancy if the crime had amounted to common law rape, but wholly immaterial here, as the court below held.

On the first question of defendant's guilt of carnally knowing the prosecutrix, defendant as a witness freely admitted that in company with another young man and young woman, a companion of the prosecutrix's, he took Miss White in an automobile out from Martinsburg, where she lived, on an unfrequented road where he parked his car and enticed her to get over the fence of an enclosure and to go behind a pile of rocks away from the observation of the two other young people who remained in the car, and others, where he laid her down or she voluntarily prostrated herself on the ground and when and where he pulled down her bloomers nearly to her knees and pushed up her skirts to her waist, exposed his per-

son, got down upon her and did his best to have sexual intercourse with her. He pretends, however, that he did not succeed in penetrating her vaginal parts because she hollowed and said "don't", nor go far enough to complete the offense of statutory rape, though he had the opportunity and was bent on accomplishing his admitted purpose. Opposed to his pretention of failure of his purpose Miss White herself swears that he did succeed; that he did penetrate her, succeeded in inserting his male organ into her female organ, and besides this evidence the evidence of physicians who made personal examination shortly afterwards found that the hymen had been ruptured and that up to that time she had manifestly maintained her virginity. The prosecutrix also swears that when she returned to town at the house of one Palmer in the presence of her companion and Mr. Palmer's daughter in her effort to fix herself up, she found blood on her clothes, and in this she is corroborated by Miss Custer, who was with her; also by Mrs. White, the mother, who found the blood spots when she examined them. Miss Palmer was not called as a witness. We cannot further pursue the evidence bearing on the fact of the commission of the offense, provided the victim was under sixteen years of age.

What does the legal relevant and material evidence establish on this question of the age of Miss White? First, the prosecutrix herself swears that she was fifteen years of age. Her evidence was objected to. It is contended on behalf of defendant that she was incompetent to testify as to her age, it being hearsay and not based on personal knowledge. In support of this proposition counsel refer us to but one decided case, *Johnson* v. *State,* (Tex.) 59 S. W. R. p. 898. The basis of that decision was that the witness' evidence was predicated not on what she knew, but on what her mother had told her, when her mother and father were present and the more competent witnesses, and partly on the ground of impeachment by other evidence. The general rule on this question in rape cases, is that the uncontroverted evidence of the prosecutrix as to her age is admissible in evidence for what it is worth. Underhill on Evidence, (3rd ed.), sec. 613; *People* v. *Allison,* 44 Cal. App. 118, 33 Cyc. p. 1472, and

cases cited from Iowa, Kansas, Massachusetts, Montana and Wisconsin; 22 R. C. L. 1200, *et seq.* But this question of age does not here depend on the evidence of the prosecutrix. Her mother and father both testify positively to the age of their daughter, and as to the exact date of her birth. In addition to this the statistical record of births and deaths of Berkeley County was introduced in evidence agreeing in all respects with the testimony of the parents on the date of this young woman's birth. So that the fact that she was under the age of consent at the time of the offense is fully established, and there is no evidence to the contrary.

Another ground of error is that the State failed to prove that the prosecutrix was not the wife of the defendant. The prosecuting attorney relied on the testimony of Miss White that she was in no way related to defendant. Counsel for defendant affirm that husband and wife are not related in the sense implied by the statute and that the evidence of the witness was not responsive to the issue. This position is not tenable. It would be contrary to the fact for a woman to say that she was not related to her husband. She would not be related by blood but by affinity. Bouvier's Law Dict., Unabridged Vol. 1, p. 1464. The witness' answer was competent to establish the fact that she was not defendant's wife.

We have carefully considered all the points relating to the admission and rejection of evidence and the giving and refusing of instructions and conceding some technical error in the rulings of the court which may possibly have occurred in the trial abstractly considered, they were harmless, for the reason that the jury could not possibly have rightly reached any other verdict. The accused was evidently given every benefit of youth, and all other considerations to which he was entitled, for in their verdict the jury recommended "extreme mercy", and they were little, if in any way, affected by the impassionate appeal of the prosecuting attorney in his closing argument, made the subject of a special bill of exceptions, and the judgment of imprisonment of five years only, shows that the court was moved by the highest consideration of human nature.

The judgment will therefore be affirmed.

*Affirmed.*