## CHARLESTON.

STATE *v.* W. H. ADKINS

(No. 6317)

Submitted February 5, 1929. Decided February 12, 1929.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

*John Kee,* for plaintiff in error.

HATCHER, JUDGE:

In this case the defendant was found guilty by the jury of a charge of statutory rape, with a recommendation for mercy. He was given the minimum sentence under section 15, chapter 144, Code. There is no material conflict in the evidence except as to the actual commission of the offense. The time charged is July, 1927. At that time the age of the prosecuting witness, Juanita Gay Shirley, was thirteen years and seven months, and that of the defendant twenty-five years. Both resided in Bluefield, and were unmarried. Near midnight July 11th, the accused took Juanita for an automobile ride to Matoaka, returning to Bluefield about seven o'clock in the morning. While on that trip the prosecutrix says they left the main road and went up a certain dirt road for about a half a mile, where the accused had unresisted sexual intercourse with her. She was examined by a physician on the morning of July 12th. He testified that he discerned slight abrasions of recent formation at the entrance to her vagina, and found ''definite'' male spermatozoa in a specimen of her urine; that the abrasion could have been produced otherwise than by copulation, but that the spermatozoa are never present in the vagina except for a period of approximately forty-eight hours after coitus, and that their presence there must be attributed to sexual union.

The accused did not controvert any details of the trip as testified to by Juanita, except that he denied any improper conduct with her. He says they were ''just riding around''. He proved a good reputation for himself prior to this charge, and that Juanita was disposed to be wayward. She admitted having sexual intercourse with one other man, several months before July 12th.

The trial was had in January, 1928. Mrs. W. L. Shirley, the mother of Juanita, testified that the girl was fourteen years old on December 7, 1927. Mrs. Shirley identified a book

as her family Bible, and stated that she had entered the name of Juanita therein about two weeks after her birth. The book was introduced in evidence and the witness read therefrom: "Juanita Gay Shirley, born Sunday, December 7, 1913." Mrs. Shirley then produced a card (not introduced in evidence) which she stated was "a certificate of birth from the Bureau of Vital Statistics at Richmond, Virginia." She was asked to look at the card and say if it refreshed her memory as to when Juanita was born. The witness simply answered "that's correct." The next interrogation was "when did you say she was born" and her reply was "she was born December 7, 1913." It later developed that Juanita was born at Snowville, Virginia.

The defendant charges error to the introduction of the Bible as primary evidence because Mrs. Shirley, who made the entry therein, was a witness. The testimony of a witness from actual knowledge and positive recollection of a circumstance is considered the best evidence. A memorandum is regarded merely as "hearsay evidence". It is admissible only when the one who made it is dead or his testimony is not available. In conformity with that rule it has been specifically held that despite the respect due a Bible as such, an entry therein, being made without the sanction of an oath or the opportunity to cross-examine the entrant, is to be regarded simply as a written declaration, and is entitled to no higher consideration than would be given any other memorandum made at the same time by the same person. *Robinson* v. *Blakely*, 4 Rich. (S. C.), 586, 55 Am. Dec. 703; *People* v. *Magne*, 118 Cal. 517, 62 Am. St. Rep. 256. The question is tersely disposed of by the Supreme Court of Missouri as follows: "It is fundamental that such entries in a family Bible, are, when considered as potential evidence, nothing but hearsay, and as such are on a parity touching their admissibility with mere verbal declarations of the entrant or declarant." *State* v. *Bowman*, 278 Mo. 492, 502. Accord: *Buzzard* v. *Commonwealth*, 134 Va. 641, 114 S. E. 664, and authorities cited; *Campbell* v. *State*, (Okla.), 206 Pac. 622, 29 A. L. R., 369, and the decisions gathered in the extensive annotation commencing on page 372; Jones Commentaries on

Evidence, (2nd ed.), section 1149, p. 2112; 10 R. C. L., p. 1136-7, section 343.

The father of Juanita, without reference to any memorandum, testified that he was married in 1912 and that Juanita was born on December 7, 1913. The principal of the junior high school attended by Juanita, (a witness for the accused), testified on cross-examination that the information furnished by the parents when Juanita entered the first grade as shown by the school record, was that she was born on December 7, 1913. Juanita testified that she was fourteen years of age on December 7, 1927. (Admissible under *State* v. *Spielman*, 105 W. Va. 370. See, also, annotations 39 A. L. R., commencing on page 376.) Mrs. Shirley said that Juanita was fourteen years old on December 7, 1927, before she was questioned as to the Bible record. There was no objection by accused to any of the evidence as to Juanita's age except the entry in the Bible and the certificate, and no effort whatsoever to disparage it. We are therefore of the opinion that the age of Juanita is amply established without reference to the Bible, and that its admission in evidence was harmless error.

> "Error is assigned to the admission in evidence of an entry in a Bible, made by the mother of the prosecuting witness, stating the date of the latter's birth. The entry was made five weeks after the birth. It was objected to on the ground that the book was not a family Bible, and contained but a single entry. Aside from the evidence so admitted, there was ample proof of the age of the prosecuting witness. She testified as to her age, as also did her mother and the woman who, as a nurse, attended her mother at the time when the girl was born. There was no evidence worthy of consideration to contradict it. If there was error, therefore, in the admission of the entry in the Bible, it was harmless." *Reagan* v. *U. S.*, 202 Fed. 488, 44 L. R. A., (N. S.), 583, 586.

Accord: *State* v. *Gully*, 272 Mo. 484; *People* v. *Slater*, 119 Cal. 620; *Swartz* v. *State*, (Okla.), 120 Pac. 1029, all of which are rape cases.

The defendant says it was also error for the court to permit

Mrs. Shirley to refresh her memory as to the birth of Juanita from the Virginia certificate, on the ground that the certificate was not made by the witness, citing 2 Wigmore on Evidence, p. 36, section 758, 10 R. C. L., p. 909, section 63; *Ragsdale* v. *Ry.*, 51 S. E. (S. C.), 540; *Smith* v. *City of Atlanta,* 96 S. E. (Ga.), 334. The citations do not support the contention. Wigmore, to the contrary, entitles section 758 in this language: *"General Principle: Any writing may be used to stimulate and revive a recollection."* In section 759 he says: "That the paper was not written by the witness himself is therefore no fault in it." In support, he quotes the following "classic phrase" of Lord Ellenborough: "If upon looking at any document he can so far refresh his memory as to recollect a circumstance, it is sufficient; and it makes no difference that the memorandum is not written by himself, for it is not the memorandum that is the evidence but the recollection of the witness." *Henry* v. *Lee,* 2 Chitty. 124.

Error is also charged both to the giving and the rejection of instructions. We find these charges polemical rather than substantial. It is true that some of the instructions given for the State are not smoothly constructed, but they nevertheless propound sound law. Nine instructions were given on behalf of the defendant. Eight proposed by him were refused; but they were either duplications of those given or otherwise objectionable. The jury was sufficiently and fairly instructed.

The defendant filed an affidavit of Mrs. P. M. Robertson in support of a motion to set aside the verdict on the ground of important after discovered evidence. The affiant stated that she saw the prosecutrix on the street in 1914 at which time Juanita was, in her opinion, between four and five years old. Controverting Mrs. Robertson, the State filed the affidavits of Mr. and Mrs. Shirley, J. R. Hall and Alice, his wife, (grandfather and grandmother of Juanita, at whose home she was born), and of Mrs. W. R. Shelton, (a neighbor). It also filed a copy of the Shirley marriage certificate showing that they were married on December 24, 1912. In the face of such preponderating opposition we cannot say that the evidence of Mrs. Robertson ought, on another trial, to produce a

different verdict. We observe nothing in the record prejudicial to the rights of the defendant. It matters nothing that this girl was froward. At common law the carnal knowledge of a consenting female of her age was not rape, but the statute was enacted to protect just such girls as this one from their own folly. The legislature has said, in effect, of the adolescent girl under sixteen years: "The brook has not yet met the river. She is merely a child—a child perplexed at the disquiet of puberty; confused by emotions she cannot fathom, and unable to comprehend the significance of those emotions to her own being, or their relation to society. She is incapable of consenting to the desecration of her incipient womanhood." The statute makes her sexual profanation a ravishment, even though invited. It has therefore erected a barrier of years around wilful girlhood—a barrier across which the profligate proceeds at his peril.

The judgment is affirmed.

*Affirmed.*