## 22706.   MOSELY *v*. THE STATE.

Decided November 16, 1932.

W. M. Clark, for plaintiff in error.

Frank B. Willingham, solicitor-general, contra.

HOOPER, J. (After stating the foregoing facts.) Counsel for the plaintiff in error very ably contends that the evidence in this case is not sufficient to show beyond a reasonable doubt that defendant's presence upon the premises, as alleged in the indictment, was for the purpose of eavesdropping or being a Peeping Tom, or that the defendant was an eavesdropper or Peeping Tom in violation of the act of 1919 (Ga. L. 1919, p. 386). Plaintiff in error relies largely upon the ruling of our Supreme Court in the case of Dorsey v. State, 108 Ga. 477 (34 S. E. 135), and also cites, among others, the cases of Green v. State, 42 Ga. App. 437 (156 S. E. 637); White v. State, 27 Ga. App. 769 (109 S. E. 917); Griffin v. State, 2 Ga. App. 535 (58 S. E. 781), and Campbell v. State, 123 Ga. 534 (6) (51 S. E. 644). After carefully reviewing the cases cited, we are nevertheless of the opinion that the evidence was sufficient to sustain the conviction in this case. The defendant's explanation of his presence at the time and place alleged in the indictment was, to the jury's satisfaction, proven to be false, and if he had any other purpose or intention than that alleged in the indictment, he did not disclose it in his statement to the jury. If he was concealing himself upon the premises near the lighted windows where the ladies were undressing, and spying out the situation for the purpose of committing the crime of burglary, he was nevertheless, under the facts and circumstances of this case, "an eavesdrop-

46

per or a Peeping Tom on the premises of another," as contemplated by the statute. We think the evidence excluded every reasonable hypothesis save that of the guilt of the accused, and that the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. MacIntyre, J., not presiding.*