BROWN *v.* STATE

No. 42166 May 7, 1962 140 So. 2d 565

Leon E. Provine, Grenada, for appellant.

80

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

McElroy, J.

The appellant was indicted, tried and convicted in the Circuit Court of Grenada County, Mississippi, for violation of Chapter 281, Laws of 1958, or Sec. 2412.5 of the Miss. Code of 1942, Rec., familiarly known as the ''Peeping Tom'' statute. He was sentenced to serve a term of two years in the state penitentiary.

17 Am. Jur., Disorderly Conduct, Sec. 4, p. 190, states as follows: "A 'Peeping Tom' may be a 'disorderly Tom.' Peeking into the window of an occupied residence or apartment at an hour of the night when the occupants are likely to be preparing to retire, by one who has no business there, constitutes disorderly conduct within the terms of statutes and ordinances defining the offense as indecent or insulting conduct or as acts which annoy, disturb, or interfere with or which are offensive to others."

Chapter 281, Laws of 1958, reads as follows: "Section 1. Any male person who enters upon real property whether the original entry is legal or not, and thereafter prys or peeps through a window or other opening in a dwelling or other building structure for the lewd, licentious and indecent purpose of spying upon the occupants thereof, commonly called a 'Peeping Tom,' shall be guilty of a felonious trespass; and upon conviction, shall be imprisoned in the state penitentiary not more than five years."

The indictment against the defendant, leaving out the formal parts, states: "That Willie Brown late of the County aforesaid, on the 24th day of July in the year of our Lord, 1961, in the County and State aforesaid, and within the jurisdiction of this Court, being then and there a male person, did wilfully, unlawfully and feloniously enter upon the real property of Blanche Johnson and did then and there peep through a window in the dwelling of the said Blanche Johnson for the lewd, licentious and indecent purpose of spying upon the occupants thereof against the peace and dignity of the State of Mississippi."

The facts in this case are to the effect that between 10:45 and 11:00 p.m., James Russell Bailey, Jr., and Marion Collins, two young residents of Grenada, were returning home from a movie, and as they turned a corner, they saw, by the headlights of their car, a man

looking in a window. They rounded the block again and saw the man still standing there and on the third lap, they jumped out of the car with a flashlight; the man turned around and looked at them and ran out behind the house. By the light of the flashlight, Bailey could tell that he had on a red shirt and white pants. He was also definite in his statement that ''I saw someone standing by the window. He was looking in the window so I knew it was somebody standing outside looking in.'' They immediately notified the officers. Within a few minutes Mrs. Blanche Johnson returned home from work. As a result of the description given to the officers, the appellant was apprehended and immediately identified by the two witnesses. See Coleman v. State, 155 Miss. 482, 124 So. 652. The house where this took place was the residence of Mrs. Blanche Johnson and at the time in question her 16 year old daughter and a niece of about the same age were in the house. There was another couple residing in Mrs. Johnson's house. There is no testimony in the record as to the actual ownership of the house but in every instance it was referred to as the Blanche Johnson house. The testimony of Bailey was positive that the appellant was looking into a window of the house. The light was on in the room where the defendant was said to have been looking.

June Tutor, the daughter of Mrs. Johnson, was in the house. She and the niece of Mrs. Johnson heard some noises outside. June heard someone running and she could hear their feet against the ground and money or something jingling in their pocket as they ran by the window in the kitchen. She stated it was at 11 p.m.

The defense in the case is an alibi. However, in this alibi the time element seems to be that he was in the immediate vicinity around 10:30 p. m. Cf. Mattox v. State, 243 Miss. 402, 137 So. 2d 920, on such alibi evidence which still leaves the defendant in the vicinity at the critical time.

The appellant assigns as error the overruling of a motion to quash the indictment, the overruling of a motion for a directed verdict, the insufficiency of the proof to show the purpose of the alleged spying and the constitutionality of the act.

 █ As to the question of the constitutionality of the act, the defendant cites Kahalley v. State, 48 So. 2d 794 (Ala., 1950). A reading of the Alabama act is very different from the Mississippi act in that it states that "Any male person who goes near and stares, gazes or peeps into any room, apartment, chamber or other place of abode not his own or under his control, which is occupied by a female person or persons, shall be guilty of a misdemeanor * * *." The court's ruling that the act was unconstitutional stated: "Undoubtedly it was intended to serve a useful purpose and to bring to justice so-called 'peeping toms'. But, regrettably, the act sweeps within its influence conduct neither evil in nature nor detrimental to the public interest which could not be proscribed as criminal. Many innocent situations might be conceived, such as the postman, endeavoring to deliver a letter or package, gazing or peeping in the window or door to see if anyone is at home; the iceman * * *; the laundryman or salesman or anyone going to a home not his own or under his control, * * *." Therefore it is inconceivable to think that as the Mississippi statutes states that the postman or iceman or laundryman would be going around peeping into windows between the hours of 10:45 and 11:00 p.m. for "the lewd, licentious and indecent purpose of spying upon the occupants thereof." We are of the opinion that this act is constitutional and that the judge's ruling was proper in overruling the motion to quash the indictment.

 █ The Mississippi law is very similar to the Georgia law which states in E. G. Butts v. State, 103 S. E. 2d 450, that "the gravamen of this offense is spying for this unlawful purpose" and they upheld the convic-

tion. This was followed in Commonwealth v. Williams, 137 A. 2d 903, which upheld such a conviction. Commonwealth v. DeWan, a Pennsylvania case, 124 A. 2d 139; Mosely v. State, a Georgia case, 166 S. E. 455, and Dukes v. State, a Georgia case, 107 S. E. 2d 727.

■■■ The appellant objects to the instruction of the State which reads as follows: ''The Court instructs the jury for the State of Mississippi that if you believe from all the evidence in this case beyond a reasonable doubt that the defendant Willie Brown did at the time and place testified to in this case enter upon the real property of Blanche Johnson and did thereon at that time peep through a window of the dwelling house of said Blanche Johnson for the lewd, licentious and indecent purpose of spying upon the occupants thereof, then it is your sworn duty to find the defendant guilty as charged.'' We see no error in this instruction due to the fact that it followed the law itself. The proof is that it was occupied by Blanche Johnson and the defendant was seen peeping in the window of her residence and the jury was justified if they believed beyond a reasonable doubt that at this late hour of the night that he was peeping through the window for the lewd and licentious and indecent purpose of spying upon the occupants then it was certainly justified in finding defendant guilty as charged.

We find no error and the case is therefore affirmed.

Affirmed.

*McGehee, C. J.,* and *Arrington, Ethridge,* and *Rodgers, JJ.,* concur.