Appellant Marion Green was indicted by the Grand Jury of Warren County for trespass as a "Peeping Tom" in violation of Section 2412.5 Mississippi Code 1942 Annotated (Supp. 1958), found guilty and sentenced to serve a term of five years in the State Penitentiary.
Two questions are presented by this appeal. First, does Section 2412.5 violate the equal protection clause of the Fourteenth Amendment of the Constitution of the United States? Second, is the maximum five years sentence, which appellant received, cruel and unusual punishment under the Eighth Amendment of the Constitution of the United States?
Appellant first contends that the statute is unconstitutional because it violates the equal protection clause in that the application of the statute to male persons only is arbitrary and has no rational justification; it punishes males for an activity non-criminal for females; and, overlooks the equal capacity of females to commit the same act.
Section 2412.5 Mississippi Code 1942 Annotated (1956) is as follows:
 Any male person who enters upon real property whether the original entry is legal or not, and thereafter prys or peeps through a window or other opening in a dwelling or other building structure for the lewd, licentious and indecent purpose of spying upon the occupants thereof, commonly called a "Peeping Tom," shall be guilty of a felonious trespass; and upon conviction, shall be imprisoned in the state penitentiary not more than five years.
In Brown v. State, 244 Miss. 78, 140 So.2d 565 (1962), one of the assignments of error was that Section 2412.5 was unconstitutional as class legislation; that it denied appellant equal protection under the law; and, that males could be prosecuted for felonious trespass under the statute which did not provide for the prosecution *Page 697 
of females under the same statute. The Court held the statute constitutional although no comment was made in the opinion with reference to this assignment of error.
The Legislature, in adopting Section 2412.5, intended to protect persons from being spied upon for lewd, licentious and indecent purposes and to make people feel secure in their homes free from the worry of trespassers being able to form schemes for committing such sordid acts as rape or other sex crimes. Lewd, licentious and indecent spying may afford the opportunity to plot the commission of rape or other sex crimes, the ultimate crimes this Section seeks to deter. We are of the opinion that the Legislature, by this statute, took note of the fundamental difference between men and women, and recognized that looking at persons for a lewd, licentious and indecent purpose is an activity traditionally ascribed to men rather than women. Due to the possibility of rape following lewd spying, the singling out of males is permissible.
It is noted that only males can commit statutory rape as defined by Section 2359 Mississippi Code 1942 Annotated (1956). The crime of rape and assault with intent to commit rape, as defined by Sections 2358 and 2361 Mississippi Code 1942 Annotated (1956), may be committed against females only. One of the elements of rape is penetration, Lang v. State, 230 Miss. 147,87 So.2d 265, 89 So.2d 837 (1956); therefore, the crime of rape can only be committed by a male. If a female was an accessory before the fact to the crime of rape or assault to commit rape, she could be indicted as a principal, [Section 1995 Mississippi Code 1942 Annotated (1956)], but is physically incapable of committing the act of rape.
We are of the opinion that there exists rational justification for singling out males for punishment under Section 2412.5 Mississippi Code 1942 Annotated (1956) as "Peeping Toms"; that this statute does not rest upon an invidious and patently arbitrary sex classification, but has a sound basis in the physical and psychological difference between men and women; that the statute is not violative of the equal protection clause of the Fourteenth Amendment.
With reference to the Eighth Amendment argument, we note the proof was overwhelming as to the aggravated nature of the offense and the guilt of appellant. The imposition of the maximum sentence was within the sound discretion of the trial judge. In Capler v. State, 237 So.2d 445 (Miss. 1970), we held that a sentence imposed within statutory limitations is neither cruel nor unusual punishment, and the fact that appellant was given the maximum sentence permitted by the statute does not contravene the Eighth Amendment to the Constitution of the United States.
Affirmed.
GILLESPIE, C.J., and JONES, SMITH and BROOM, JJ., concur.