THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DERLIS MEDRANO, Defendant-Appellant.

(No. 73-328; )

Second District—December 18, 1974.

Ralph Ruebner and Richard J. Wilson, both of State Appellate Defender's Office, of Elgin, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm Smith, Assistant State's Attorney, and James W. Jerz and Edward Morris, both of Illinois State's Attorneys Ass'n, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant herein, represented by a series of court-appointed counsel, was tried by a jury and found guilty of the offenses of burglary, rape and two counts of deviate sexual conduct. He was sentenced to 10-30 years in the State penitentiary for the offense of rape.

■■ The sole contentions in this appeal are, first, that the conviction of the defendant was void as the statute defining rape is unconstitutional as being a denial of equal protection on the basis of sex and, secondly, that the sentence is excessive. Rephrased, this contention is that the statute is unconstitutional because the Illinois statute (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 11—1) provides that only a male person may be guilty of rape and that the statute does not provide for conviction of a female for the offense of rape. It is to be expressly noted, of course, that a female may be guilty of rape as an accessory, an aider or an abettor. *People v. Trumbley* (1911), 252 Ill. 29, 96 N.E. 573.

The facts herein are that on October 8, 1972, the complaining witness, separated from her husband, resided with her four small children in her residence in Wood Dale, Illinois. She was awakened by a man who said, "Shut up, lady, or I will kill you and I will kill the kid." Her 6-year-old child was sleeping in the same room with her. The man, subsequently identified by the complaining witness as the defendant, made the complaining witness waken her son and put him out of the room. The defendant then put a pillowcase over the head of the complaining witness and, with a knife to her back, again told her to shut up or he would "go get your girls." The other three children of the complaining witness, aged 6, 8 and 13, were asleep in the other bedrooms. The defendant then raped the complaining witness, slapped her across the face, then placed his penis in the complaining witness' mouth. After committing other deviate sexual acts, which would serve no purpose to detail, he then placed his penis in the complaining witness' rectum. After the threats as to the daughters of the complaining witness, she stated that she would do anything if he would leave them alone and he then proceeded to rape her the second time, followed by a third rape in a different position.

The argument as to the unconstitutionality of the Illinois rape statute was not argued in the trial court, nor was it presented in post-trial motion. The only allegation as to the unconstitutionality of the statute

was a statement by the defendant, Medrano, at the sentencing hearing where he stated, "I felt the rape was unconstitutional under the law. It didn't say a woman can rape a man." While we do not feel that the question of the constitutionality of the statute in question was sufficiently raised in the trial court, nonetheless, we will consider the same.

In *People v. Ellis* (1974), 57 Ill.2d 127, 131, 311 N.E.2d 98, the Supreme Court of Illinois has stated there were two standards of review to be employed in testing the validity of statutory classifications. "The basic standard, permissive review, permits classifications which are rationally related to the legitimate governmental objective (*People ex rel. City of Salem v. McMackin*, 53 Ill.2d 347, 363), and the burden is on the party challenging the validity of the classification to prove that it is arbitrary." The second standard as pointed out by the court, with relation to statutes which differentiate between individuals raises the "active review standard" where the burden is on the State to show that the "* * * distinction was related to some compelling State purpose." (57 Ill.2d 127, 131.) Applying either standard, we find that the statute here in question is both rationally related to a legitimate governmental objective, namely the protection of females, and that there is a compelling reason which not only justifies but makes essential the crime of rape as being an offense which may only be committed directly by a male.

The question in this case was presented directly and considered by the Supreme Court of the State of Arizona in *State v. Kelly*, —— Ariz. ——, 526 P.2d 720, 723:

> "Defendant argues that the statutes make it a crime for a man to commit a sexual act upon a woman without her consent while a woman, however, who commits the same sexual act upon a man without his consent, cannot be charged with the crime of rape.
>
> * * *
>
> "In the instant case, we believe that the need for treating males and females differently in enacting the rape statute is clearly reasonable. The statute satisfies the real, if not compelling, need to protect potential female victims from rape by males.
>
> "However, for obvious physiological as well as sociological reasons we perceive no need by males for protection against females from rape which would be sufficient to demand legislative attention. The fact that the law does not provide the same protection to males as it does to females does not deny the male perpetrator the equal protection of the law. The classification is logical and rational. The individual's as well as the government's interests are apparent. We do not find the statutes constitutionally infirm."

In considering the same contention, the Supreme Court of Wisconsin, in *State v. Ewald* (1974), stated:

> "The sex classification is reasonable and bears a fair and substantial relationship to the object of the law. Sec. 944.01 is intended to protect women against sexual attack and forced pregnancy. We do not feel called upon to engage in a dissertation of the psychological, medical, sociological and moral problems as they relate to a woman subjected to such a possible pregnancy and those same problems as they relate to a potentially unwanted child." *State v. Ewald* (1974), 63 Wis.2d 165, 173, 74, 216 N.W.2d 213, 218.

■■ We, therefore, find that the statute of the State of Illinois limiting the offense of rape as being commitable only by a male to be constitutional.

■■ The second contention of the defendant is that the sentence imposed for the offense of rape is excessive. In support of this argument the defendant says that the complaining witness was not physically harmed. With this we do not agree. The defendant kept the complaining witness under his control with a knife for a period of almost 2 hours, in which time he committed all of the most degrading sexual offenses that are capable of being committed by a male, including threats to her and her children's life. Under the circumstances the sentence imposed herein is in no way excessive.

The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.