CHARLES E. MOORE

*v.*

ARTHUR L. MCKENZIE, *Warden,*

WEST VIRGINIA STATE PENITENTIARY

(No. 13889)

Decided July 5, 1977.

*Monty L. Preiser* for relator.

*Chauncey H. Browning*, Attorney General, *Betty L. Caplan*, Assistant Attorney General, for respondent.

HARSHBARGER, JUSTICE:

This post-conviction habeas corpus proceeding authorized by *W. Va. Code*, 53-4A-1, was brought by Charles E. Moore who, when 55 years old was indicted for raping a female child then less than ten years old. Moore pled guilty to attempting rape and was sentenced per *W. Va. Code*, 61-11-8, to prison for the one-to-five year term prescribed.

The statute in effect at the time the alleged rape occurred, was *W. Va. Code*, 61-2-15. (It has been repealed, replaced by *W. Va. Code*, 61-8B-1 through 61-8B-13.)

Petitioner contends that *W. Va. Code*, 61-2-15, unconstitutionally treated males differently than females and thereby denied males equal protection of the law in violation of the Fourteenth Amendment of the *United States Constitution*. The statute, in relevant part, imposed life imprisonment without eligibility for parole upon a male over sixteen years old who carnally knew a previously chaste female, not his wife, who was under sixteen or any female not his wife who was less that ten years old. It provided that a female over sixteen who carnally knew a male not her husband who was less than sixteen was guilty of a misdemeanor.

We do not agree with petitioner's argument that we are compelled to consider any statute which classifies individuals by gender as "inherently suspect" under the plurality opinion of *Frontiero v. Richardson*, 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583 (1963). We believe the controlling standard of review is expressed in *Craig v. Boren*, 429 U.S. 190, 97 S. Ct. 451, 50 L. Ed. 2d 397 (1976). *See also, Reed v. Reed*, 404 U.S. 71, 30 L. Ed. 2d 255 92 S. Ct. 251, (1971) and *Geduldig v. Aiello*, 417 U.S. 484, 94 S. Ct. 2485, 41 L. Ed. 2d 256 (1974). We believe the gender-based classification under *W. Va. Code*, 61-2-15, served important governmental objectives and was sub-

stantially related to the achievement of these objectives. We also defer to the legislative prerogative to attack, through the passage of criminal laws, those problems which seem most acute to the legislative mind. *U.S. v. Koonce*, 485 F.2d 374 (8th Cir. 1973).

The constitutionality of former *W. Va. Code*, 61-2-15, has been upheld as recently as 1976 and petitioner cites no new law meriting a departure from that determination. *See Hall v. McKenzie*, 537 F.2d 1232 (4th Cir. 1976). The great weight of authority supports our position. *See Mason v. Henderson*, 337 F. Supp. 35 (E.D.La. 1972); *State v. Elmore*, 24 Or.App. 651, 546 P.2d 1117 (1976); *Brooks v. State*, 24 Md.App. 334, 330 A.2d 670 (1975); *State v. Kelly*, 111 Ariz. 181, 526 P.2d 720 (1974); *In re W.E.P.*, 318 A.2d 286 (D.C. 1974); *People v. Medrano*, 24 Ill.App.3d 429, 321 N.E.2d 97 (1974); *State v. Drake*, 219 N.W.2d 492 (Iowa 1974); *State v. Price*, 215 Kan. 718, 529 P.2d 85 (1974); *State v. Ewald*, 63 Wis.2d 165, 216 N.W.2d 213 (1974); *In re J.D.G.*, 498 S.W.2d 786 (Mo. 1973); *Green v. State*, 270 So. 2d 695 (Miss. 1972); and *State v. Adkins*, 106 W. Va. 658, 146 S.E. 732 (1929).

The law also provided that the jury could recommend mercy, and if it did, the male felon could be punished with confinement in the penitentiary for not less than ten nor more than twenty years; and further, if the accused pled guilty the court could sentence him to not less than ten nor more than twenty years.

Petitioner renews the argument that the statute should be held by us to require a bifurcated trial upon, first, the issue of guilt or innocence, and second, matters which go to sentencing and might convince the jury to recommend mercy.

Syllabus point 2 in *State ex rel. Rasnake v. Narick*, ___ W. Va. ___, 227 S.E.2d 203 (1976), states that "A unitary trial procedure in which the jury determines both the issues of guilt and the possible sentence upon a finding of guilt does not deprive the accused of his right to an impartial jury under the provisions of the Sixth Amendment to the United States Constitution."

Were we examining a case where the concept could be usefully explored because a defendant was prejudiced by a unitary trial, we perhaps would write upon the point even through this Court, in *Rasnake, supra,* by three-to-two majority sustained unitary trials of defendants accused under the rape statute, *W. Va. Code,* 61-2-15.

We also cannot discern any possible prospective benefit to be accomplished by a discussion of the question, inapplicable to the petitioner, regarding the provision of the statute that permitted a reduced sentence in return for a guilty plea to rape.

Here petitioner pled guilty to attempted statutory rape. He was not tried under the rape statute. He has served two years in the penitentiary, is presently on parole, and the statute he was charged under has been repealed. Thus, the petitioner's situation does not support a review of the hypothetical infirmities there may have been in the rape statute. Suffice it to say that whatever defects there may have been in the statute, they do not affect the defendant and need not now be noticed.

We therefore deny Moore's petition.

*Writ denied.*