560 F.2d 1298
 Alton MOORE, Jr., Petitioner-Appellant,
v.
Henry E. COWAN, Warden, Respondent-Appellee.
Edward Earl STOVER, Petitioner-Appellant,
v.
Henry E. COWAN, Warden, Respondent-Appellee.
Robert Eugene SMITH, Petitioner-Appellant,
v.
Henry E. COWAN, Warden, Respondent-Appellee.
Donnie Darrell RANDOLPH, Petitioner-Appellant,
v.
Henry E. COWAN, Warden, Respondent-Appellee.
 Nos. 76-1859, 76-1889, 76-2377 and 76-2378.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 12, 1977.
Decided Aug. 26, 1977.
Rehearing and Rehearing En Banc Denied Oct. 5, 1977.
 
 1
 Dean Hill Rivkin, Knoxville, Tenn. (Court-appointed CJA), for petitioners-appellants in Nos. 76-1859, 76-1889.
 
 
 2
 Terrence R. Fitzgerald, Asst. Dist. Defender, Office of the Jefferson Dist. Public Defender, Louisville, Ky., for petitioners-appellants in Nos. 76-2377, 76-2378.
 
 
 3
 Robert F. Stephens, Atty. Gen. of Ky., Martin Glazer, Frankfort, Ky., for respondent-appellee in No. 76-1889.
 
 
 4
 Robert F. Stephens, Atty. Gen. of Ky., Victor Fox, Frankfort, Ky., for respondent-appellee in No. 76-2377.
 
 
 5
 Robert F. Stephens, Atty. Gen. of Ky., Miles H. Franklin, Frankfort, Ky., for respondent-appellee in No. 76-2378.
 
 
 6
 Before PECK and ENGEL, Circuit Judges, and GREEN,* Senior District Judge.
 
 
 7
 GREEN, Senior District Judge.
 
 
 8
 These appeals from denials of writs of habeas corpus have been consolidated for the reason that each presents the same basic constitutional issue whether the imposition of the punishment of life imprisonment without parole for the rape of a female over twelve years old is constitutionally impermissible as violative of the prohibition against cruel and unusual punishment of the Eighth Amendment and/or is a denial of the equal protection guarantee of the Fourteenth Amendment to the United States Constitution.
 
 
 9
 There are, in addition, individual claims advanced on behalf of each of appellants which will be set out and considered herein.
 
 
 10
 Each of appellants is confined pursuant to Ky.Rev.Stat. § 435.090:
 
 
 11
 Any person who unlawfully carnally knows a female of and above twelve (12) years of age against her will or consent, or by force or while she is insensible, shall be punished by death, or by confinement in the penitentiary for life without privilege or parole, or by confinement in the penitentiary for life, or by confinement in the penitentiary for not less than ten (10) years nor more than twenty (20) years.[1]
 
 
 12
 In each case sentence was imposed by a jury following trial and conviction.
 
 
 13
 The charges against Moore and Stove basically arose from the same series of events, and they were tried together. They were jointly charged with three counts of rape, two counts of detaining a female (KRS 435.110) and one count of malicious cutting and wounding (KRS 435.170(2)).[2] A separate indictment charging Stover with a different rape and robbery was read to the jury at the beginning of trial, but no evidence was offered regarding those alleged offenses and the charges were not submitted to the jury.
 
 
 14
 The jury found each defendant guilty on the three rape charges, and imposed the penalties challenged herein. Moore was also found guilty of detaining a female, and a verdict of 7 years imprisonment was imposed by the jury. Stover was found not guilty of detaining. Neither defendant was convicted on the cutting and wounding count.
 
 
 15
 Following unsuccessful appeals to the Kentucky state courts Moore and Stover instituted habeas corpus proceedings in the District Court for the Western District of Kentucky. In the petitions, which were consolidated for decision, appellants advanced the constitutional challenge to § 435.090 presently before the court. Additionally, arguments were advanced that they were denied due process by the trial court's denial of motions for a severance for the reason that they had antagonistic defenses, and that their Sixth Amendment rights to a fair trial were infringed by the reading to the jury of the indictment against Stover on which no evidence was offered.[3]
 
 
 16
 The District Judge ruled against appellants on all issues. As to the question of severance he correctly stated that such a matter is one for the discretion of the trial court and will not be disturbed without a showing of abuse and prejudice. Glinsey v. Parker, 491 F.2d 337 (C.A.6, 1974); United States v. Levirie, 445 F.2d 429 (C.A.5, 1971). Upon a review of the entire record the district judge found no prejudice in the joint trial. Likewise, he ruled that as to the reading of the unrelated indictment of Stover "the petitioners were not prejudiced by this one reference to other misconduct". Finally, he rejected the constitutional attack on the sentencing procedure on each of the grounds raised before him.
 
 
 17
 This court has reviewed the trial transcript and has considered the decisions of the Kentucky Court of Appeals on direct review. Based thereon we conclude that the District Judge was correct in his rulings pertaining to the issues relating to trial procedures and evidence.
 
 
 18
 The court finds no merit in the arguments advanced regarding the indictment against appellant Stover upon which no evidence was offered. It is noted that counsel did not request any cautionary instructions to the jury on the subject.
 
 
 19
 As to the denial of severance, a review of the record fails to reflect prejudice which would amount to a denial of due process. Both Moore and Stover offered alibi evidence which would have accounted for their whereabouts, at different locations, at the time one of the three attacks for which they were indicted took place. Moore's evidence also indicated that at the time of that attack Stover could have been in possession of Moore's car, which corresponded to the vehicle described by the victim as one in which she was abducted and assaulted. As the basic thrust of the evidence offered by each of appellants pertaining to this attack (but one of the three incidents giving rise to the full charges) was that each of them was elsewhere when the events occurred, we do not find that the record contains evidence of such mutually exclusive defenses that a severance was constitutionally required.
 
 
 20
 Smith and Randolph were jointly indicted for multiple offenses arising from a single event. They were each charged with rape, armed robbery (KRS 433.140), and indecent and immoral practices (KRS 435.105), all relating to an abduction and attack which took place on December 15, 1973. Smith was also charged with buggery (KRS 436.050).
 
 
 21
 A jury found both guilty on all charges. Sentence of life without parole was imposed on the rape charges, 20 years on the armed robbery and 5 years on the indecent and immoral practices. Smith was sentenced to 5 years on the buggery charge.
 
 
 22
 Appeals were taken to the Kentucky Court of Appeals, which reversed Smith's buggery conviction and affirmed in all other respects. Thereafter petitions for a writ of habeas corpus were filed in the District Court for the Western District of Kentucky. The issues raised which have been carried forward in this proceeding relate to the sentence imposed on the rape charges, trial testimony regarding silence of both defendants during custodial interrogation,[4] and the introduction of evidence seized from a car in a warrantless search.[5]
 
 
 23
 As to the question of the life sentences without parole the District Judge rejected the several constitutional arguments advanced by appellants. He did find that the testimony regarding Smith's silence during custodial interrogation was a violation of his Fourteenth Amendment due process rights, Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), but, having reviewed the entire trial record, further held that it was harmless error. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Finding that in the state court proceedings Randolph had been provided an opportunity at both the trial and appellate levels for full and fair litigation of the claim that evidence obtained in an unconstitutional search or seizure was introduced at his trial the District Judge declined to consider that issue further. Stone v. Powell, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976).
 
 
 24
 As with appellants Randolph and Smith, we have reviewed the trial transcripts and state court decisions relative to appellants Moore and Stover and find that they support the conclusions reached by the District Judge.
 
 
 25
 The doctrine of Stone v. Powell, supra, precludes relitigation in the federal forum of the search and seizure issue advanced by appellant Randolph which was raised in the state courts. In the trial court a motion to suppress was made and denied. Appellant Randolph complains of the fact that when the issue was raised before the Kentucky Court of Appeals that tribunal did not specifically address itself to the merits of the argument presented, but merely found that:
 
 
 26
 The competent, probative and admissible evidence of the guilt of the appellants of the other charges (excluding Smith's buggery conviction) is overwhelming.
 
 
 27
 Any other errors of which the appellants complain are harmless beyond a reasonable doubt.
 
 
 28
 We do not read Stone v. Powell as requiring the reviewing court to do more than take cognizance of the constitutional claim and render a decision in light thereof. There is no mandate that in announcing a decision such court fully expound upon such alleged error. Consequently, there is no error in this regard.
 
 
 29
 Appellants Randolph and Smith each claim infringement of their constitutional rights by the admission into evidence of testimony regarding silence during custodial interrogation. At trial Smith's counsel objected to such testimony, while Randolph's counsel did not. The want of such objection (and the fact that the issue was not raised in the district court) does not necessarily preclude this court from considering the issue. Minor v. Black,527 F.2d 1, 4-5 (C.A.6, 1975).
 
 
 30
 Based upon consideration and review of the entire trial transcript we conclude that the District Judge's determination that the receipt of the evidence was harmless error was correct. The questions were not prominent in the examination of the witnesses involved. The subject was not brought out in final argument by the prosecution. The evidence of guilt of appellants Randolph and Smith is such that the court is satisfied that the standard adopted in Minor v. Black, supra, at p. 5, that absent such evidence no juror could have entertained a reasonable doubt as to guilt, has been met.
 
 
 31
 This leaves for consideration the issue common to all appellants the constitutionality of the Kentucky statutes under which they were sentenced.
 
 
 32
 Several challenges are advanced to the statute. The most significant are that the penalty of life imprisonment without parole constitutes cruel and unusual punishment in contravention of the Eighth Amendment, and that as the statute contains a classification by sex it violated federal constitutional guarantees of equal protection. The court does not believe that the other arguments which have been advanced have sufficient merit to warrant specific discussion.[6]
 
 
 33
 As regards the claim that the penalty represents constitutionally impermissible cruel and unusual punishment, it is important to bear in mind that the statute did not require life without parole as a mandatory punishment for rape. That sentence was but one of the alternatives available to the jury. We must assume that the Kentucky juries considered the various alternatives before returning the sentences of life imprisonment without parole, and that their determinations were based on the facts before them in each case. Unless such a sentence is constitutionally invalid we cannot substitute our judgments for those of the juries in the cases before us.
 
 
 34
 In support of the claim that the penalty constitutes cruel and unusual punishment appellants argue that it has been substantially rejected in contemporary society, including repeal by the Kentucky legislature in 1974. Assuming for the sake of argument that the more enlightened view would be against what has been characterized as a "life without hope,"[7] we are here called upon to render a constitutional judgment, and while sociological factors may be relevant they are not controlling.
 
 
 35
 In the final analysis, having fully considered appellants' arguments on this aspect of the matter, we believe that at this time we are bound to apply the rationale of Schick v. Reed, 419 U.S. 256, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974). While the precise question presented in these actions was not before the Supreme Court in that case, the Supreme Court in sustaining the commutation of a death sentence to life without parole stated that:
 
 
 36
 The no-parole condition attached to the commutation of (petitioner's) death sentence is similar to sanctions imposed by legislatures such as mandatory minimum sentences or statutes otherwise precluding parole; it does not offend the Constitution. 419 U.S. 256, 267, 95 S.Ct. 379, 385 (emphasis added)
 
 
 37
 Until the Supreme Court alters such view of the mandatory life sentence without parole we must reject the argument that such a sentence constitutes cruel and unusual punishment.
 
 
 38
 Finally, there is the argument that the statute was constitutionally invalid by reason of the fact that it applied only to males.
 
 
 39
 The mere fact that a statute has application to members of one sex only does not render it unconstitutional. The question is whether the classification between males and females is reasonable or arbitrary. Schlesinger v. Ballard, 419 U.S. 498, 95 S.Ct. 572, 42 L.Ed.2d 610 (1975). While we recognize that it is possible for females to commit a sex offense which might be deemed rape, the fact remains that historically and generally rape is a crime committed by males against females. We do not find that the statute, reflective of this traditional view of the crime of rape, represented an arbitrary or unreasonable classification violative of the United States Constitution. This same line of attack has been consistently rejected by state courts in recent years: People v. Salinas, 551 P.2d 703 (Colo., 1976); State v. Ewald, 63 Wis.2d 165, 216 N.W.2d 213 (1974); State v. Price, 215 Kan. 718, 529 P.2d 85 (1974); State v. Kelly, 111 Ariz. 181, 526 P.2d 720 (1974); Brooks v. State, 24 Md.App. 334, 330 A.2d 670 (1975); People v. Mackey, 46 Cal.App.3d 755, 120 Cal.Rptr. 157 (1975); People v. Medrano, 24 Ill.App.3d 429, 321 N.E.2d 97 (1974).
 
 
 40
 The judgments below are affirmed.
 
 
 
 *
 The Honorable Ben C. Green, Senior District Judge, for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Subsequent to the convictions attacked herein § 435.090 was repealed and a graduated sentencing structure culminating in life imprisonment with parole as the punishment for aggravated rape was adopted. Ky.Rev.Stat. §§ 510.040, 510.050, 532.030, 532.060. Such repeal does not effect appellants' sentences. See, United States v. Fotto, 103 F.Supp. 430-431 (S.D.N.Y., 1952); 21 Am.Jur.2d Criminal Law, § 578
 
 
 [2]
 The three rapes were alleged to have occurred on February 2, 1973, May 18, 1973 and July 13, 1973. The detaining charges pertained to the events of May 18th and related to the rape victim and a friend who was seized but escaped. The cutting charge arose from that same occurrence and related to the victim
 
 
 [3]
 Other issues were raised and decided adversely to appellants which have not been carried forward in their appeals
 
 
 [4]
 This issue was presented in Smith's petition. It is presented for the first time on behalf of Randolph in this appeal
 
 
 [5]
 This question is presented only on behalf of appellant Randolph, who claims constructive possession of the vehicle at the time of the search
 
 
 [6]
 One of the arguments is that the statute has been applied by juries in a racially discriminatory fashion. It is noted that while appellants Moore and Stover, who advance the argument, are black, appellants Smith and Randolph are white
 
 
 [7]
 This contention disregards the possibilities of commutation or pardon