NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0028n.06

No. 20-3494

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 13, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| ANDRE TERRELL, | ) |
| | ) ON APPEAL FROM THE UNITED |
| Petitioner-Appellant, | ) STATES DISTRICT COURT FOR |
| | ) THE SOUTHERN DISTRICT OF |
| v. | ) OHIO |
| | ) |
| ED SHELDON, Warden, | ) |
| | ) OPINION |
| Respondent-Appellee. | ) |

Before: SILER, GIBBONS, and KETHLEDGE, Circuit Judges.

SILER, Circuit Judge. Andre Terrell appeals the district court's dismissal of his 28 U.S.C. § 2254 habeas petition alleging error in the Ohio state courts' resolution of his Fourth Amendment violation argument. We **AFFIRM**.

In 2016, Terrell was convicted of various drug offenses in Ohio state court. Before his trial, Terrell moved to suppress certain evidence, in part, because the search warrant used to search his hotel room and seize items therein was allegedly "defective." Although Terrell made numerous arguments attacking the validity of the search warrant, he impliedly concedes that he did not specifically make the argument that the warrant lacked sufficient particularity; rather, Terrell argues that he did not need to specifically make such an argument because "[t]he Ohio Supreme Court's decision in [*State v.*] *Castagnola*[, 46 N.E.3d 638 (Ohio 2015)] holds that the issue of particularity of a search warrant is implicit in a probable cause analysis." Therefore, Terrell argues, by challenging probable cause at the suppression hearing, his particularity argument was

preserved, and the Ohio Court of Appeals erred when it found that Terrell "waived all but plain error [review]" of that issue.

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 482 (1976). "*Stone* precludes habeas review 'where the State has provided an opportunity for full and fair litigation of a fourth amendment claim . . . .' This circuit . . . [has] concluded . . . that the state court need do no more than 'take cognizance of the constitutional claim and rule in light thereof.'" *Riley v. Gray*, 674 F.2d 522, 525 (6th Cir. 1982) (citations omitted). "*Stone* and *Moore v. Cowan*, [560 F.2d 1298 (6th Cir. 1977),] . . . require a district court to make two distinct inquiries in habeas proceedings. Initially, the district court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Id.* (citations omitted).

Terrell concedes a sufficient procedural mechanism in the abstract but argues a failure of that mechanism. Specifically, he argues that the Ohio Court of Appeals' decision to review his particularity argument for plain error rather than de novo "frustrated" the presentation of his Fourth Amendment claim. A review of the Ohio Court of Appeals' opinion rejecting Terrell's particularity argument, however, reveals that Terrell's contentions are meritless. *State v. Terrell*, 95 N.E.3d 870, 895–97 (Ohio Ct. App. 2017).

Glaringly omitted from Terrell's briefs is any argument as to how the Ohio Court of Appeals' review of his particularity argument under the plain error standard precluded him from

"an opportunity for full and fair litigation of [his] Fourth Amendment claim[.]" *Stone*, 428 U.S. at 482. The Ohio Court of Appeals applied the very substantive *Castagnola* framework for analyzing particularity that Terrell would seemingly have had that court apply under de novo review. In arguing to this court that his particularity argument should have been reviewed de novo because it was preserved, Terrell heavily relies on *Castagnola* for its proposition that "[w]hen an issue of law that was not argued below is implicit in another issue that was argued and is presented by an appeal, we may consider and resolve that implicit issue." *Castagnola*, 46 N.E.3d at 655 (citation omitted) (quotation marks omitted). The Ohio Supreme Court in *Castagnola* analyzed the substance of a defendant's particularity argument after finding that argument implicit in the defendant's generally preserved probable-cause argument. *Id*. at 655–56. Before the Ohio Court of Appeals, Terrell heavily relied on *Castagnola* for its substantive proclamations regarding particularity. Importantly, the Ohio Court of Appeals in *Terrell* applied the same particularity framework applied in *Castagnola* to that defendant's preserved particularity argument. *Compare Terrell*, 95 N.E.3d at 896 *with Castagnola*, 46 N.E.3d at 657. The Ohio Court of Appeals ultimately concluded that the portions of the warrant Terrell alleged were worded too broadly were sufficiently particular when viewed in the context of the entirety of the warrant. *Terrell*, 95 N.E.3d at 896.

In other words, the Ohio Court of Appeals concluded that Terrell's particularity argument was based on an improper isolation of certain "catchall" provisions of the warrant that "must be read in conjunction with the list of particularly described items which preceded it pertaining to the crimes alleged." *Id*. (citation omitted) (quotation marks omitted). Contrary to Terrell's assertions, therefore, that court "addressed the constitutional issue of the particularity of the search warrant." Terrell does not explain what more the Ohio Court of Appeals should have addressed, giving this

court no reason to believe that he was not afforded "an opportunity for full and fair litigation of [his] Fourth Amendment claim[.]" *Stone*, 428 U.S. at 482. This is especially evident in Terrell's failure to cite any precedent refuting the assertion that plain error review does not run afoul of *Stone*. *See, e.g., Harmon v. McCollum*, 652 F. App'x 645, 652 (10th Cir. 2016) ("Harmon argues that the trial court violated his Fourth Amendment rights by admitting evidence obtained during an illegal search of his mother's home. . . . The [Oklahoma Court of Criminal Appeals] reviewed this claim for plain error . . . . [W]e conclude that court rejected Harmon's argument on the merits after full and fair consideration." (citations omitted)); *Kelley v. Jackson*, 353 F. Supp. 2d 887, 893 (E.D. Mich. 2005) ("Michigan has a procedural mechanism that presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. . . . The Michigan Court of Appeals concluded that Petitioner had failed to properly raise the issue, reviewed the claim for plain error, and denied relief. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claim and that he received all the process he was due. Accordingly, any claim concerning the validity of Petitioner's arrest is not cognizable on habeas review pursuant to *Stone v. Powell*.").

Indeed, Ohio's plain error test first requires "an error, *i.e.*, a deviation from a legal rule." *State v. Barnes*, 759 N.E.2d 1240, 1247 (Ohio 2002) (citations omitted). In determining whether an error occurred, the Ohio Court of Appeals applied substantive Fourth Amendment particularity law to reject Terrell's use of isolated statements from the warrant to allege a Fourth Amendment violation. *Terrell*, 95 N.E.3d at 896. In other words, the Ohio Court of Appeals reached the merits of Terrell's argument in the same way it would have under a different standard of review. *Riley*, 674 F.2d at 527 ("[F]ederal habeas relief is available when a criminal defendant is not allowed to fully present his fourth amendment claim in the state courts because of unanticipated and

unforeseeable application of a procedural rule *which prevents state court consideration of the merits of the claim*." (emphasis added)).  Again, Terrell does not articulate what more the Ohio Court of Appeals needed to review to afford him a sufficient opportunity for a full and fair examination of his particularity argument.  Unlike in *Riley* where this court found the petitioner's presentation of his Fourth Amendment claim frustrated when the state court *sua sponte* rejected the petitioner's Fourth Amendment argument on standing grounds to which the petitioner never had an opportunity to respond, *see id*. at 524, 526–27, the Ohio Court of Appeals here directly addressed the substance of Terrell's briefed particularity argument in finding Terrell's use of isolated statements from the warrant to be an incorrect application of the particularity doctrine.

**AFFIRMED.**